## THE STERLING BRIDGE COMPANY

*v.*

## GEORGE BAKER.

1. AGENT — *notice to, when binding on principal.* Where a party sends another to get certain articles for use, and he gets them, the latter, as to the transaction, will necessarily be the agent of the former, and if the party letting the articles go, informs him what his charge is per day for the use of the same, being about a matter affecting a special duty with which the agent is intrusted, if the articles are retained the principal will be bound to pay such price.

2. BAILMENT — *liability of hirer for loss.* Where a person procures the use of a jack-screw for hire, and the same is lost and not returned to the owner, the hirer will be liable for its value.

3. INSTRUCTIONS — *errors in, not prejudicial, will not reverse.* Although instructions are not entirely free from objection, a reversal will not be had when it is apparent that their objectionable features did not prejudice the party complaining of them.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

This was a suit by George Baker against The Sterling Bridge Company, originally commenced before a justice of the peace, to recover for the use of eight jack-screws for thirty-three days, and the value of one of them which was lost.

The case was taken by appeal to the circuit court, where a trial was had, resulting in a verdict in favor of the plaintiff for $66. The plaintiff remitted $7.50 of the verdict and judgment was rendered in his favor for the balance. It appeared that one Spencer was the general superintendent of the defendant, and that he sent Blair to the plaintiff to procure the jack-screws to make repairs on the bridge; that the customary price of the plaintiff for the use of the jack-screws was twenty-five cents per day. The defendant appealed.

Mr. JOHN G. MANAHAN, for the appellant

Messrs. SACKETT & BENNETT, for the appellee.

PER CURIAM: This suit was commenced before a justice of the peace of Whiteside county, and thence taken by appeal to .the circuit court of that county, where judgment was rendered for the plaintiff for $66, to reverse which the present appeal is prosecuted.

We have examined the evidence and instructions, as set forth in the abstract, with some care, and are of opinion, upon the whole, that the judgment below should not be disturbed.

The suit is for the use of certain jack-screws which were loaned by the plaintiff to the defendant, and for the value of one other which was likewise so loaned, but never returned.

The evidence as to the material facts is conflicting, and we are unable to say that the preponderance is in favor of the defendant, clearly and palpably.

While the instructions as given are not entirely free from objection, their objectionable features are not such as, in our opinion, could have materially prejudiced the defendant.

The instructions asked by the defendant and refused by the court, we think, were properly refused. They all relate to what was said by the plaintiff to Blair, who was sent to him for the jack-screws, and who conveyed them to the defendant. Both plaintiff and Blair swear that when he got the jack-screws, plaintiff directed him to inform Spencer, the defendant's agent, who had sent for them, that he should charge twenty-five cents a day for each jack-screw, as long as they were away from his shop; although Blair swears that he did not communicate this to Spencer or any other agent of defendant. No previous arrangement had been made for these screws, and when Blair was sent, it was to get them. He was, as to this act, necessarily the defendant's agent. His request for them was the defendant's request; and what was said to him as to the terms upon which the defendant could have them, was said to an agent of the defendant about a matter affecting a special duty with which he was intrusted, and is, consequently binding upon the defendant. The instructions refused were at variance with these views, and assumed what, under the evidence, the law does not

imply, namely, that Blair was not, as to getting the screws, the agent of the defendant.

*Judgment affirmed.*