## AUGUST HUBNER

*v.*

## CARL FEIGE.

1. APPEAL—*trial when part of defendants appeal.* Where one of two defendants appealed from a judgment against both in a proceeding of forcible entry and detainer, and no summons was issued to the defendant not appealing, but the record showed his appearance on the trial and demurrer to the evidence as to him, and the direction of the court to the jury to find him not guilty, and no further steps were taken against him, and judgment rendered against the defendant appealing, there was held to be no error.

2. VERDICT—*construed to mean only one defendant.* Where an action of forcible entry and detainer was discontinued as to one of the two defendants for want of evidence against him, a verdict finding the *defendants* guilty was held to be a mere clerical error, the judgment-being against one only.

3. FORCIBLE ENTRY—*when it lies.* Where a tenant in the peaceable possession of land under an unexpired lease is forcibly dispossessed by a constable and another, under a writ of restitution for different premises, and the tenant's goods removed into the street, after which such other person retains the possession, after demand made in writing by the tenant the latter may regain the possession by the action of forcible entry and detainer. The writ of possession for other and different premises could not be pleaded or offered in evidence in justification of the eviction.

4. SAME—*by mortgagee.* A defendant in an action of forcible entry and detainer offered in evidence a note given him by the plaintiff and a mortgage to secure the same. It did not appear the mortgagee had ever taken possession or claimed to take possession under his mortgage, or that he had foreclosed it, or sold or offered to sell the premises by virtue of any power of sale therein, or made any demand for possession: *Held,* the note and mortgage were not admissible in evidence.

5. LANDLORD AND TENANT—*right to eject tenant.* A landlord has no right, even if there is rent due and unpaid, to forcibly enter into possession of the demised premises, and eject the tenant, without proper process, nor can he give such right to another; and if he takes forcible possession, he can not give another such possession as will be lawful against the tenant.

6. INSTRUCTION—*not based on any evidence..* There is no error in refusing instructions not based upon any evidence in the case, or based upon a defense excluded by the court from the jury.

7. SAME—*to find for the plaintiff.* It is an invasion of the rights of the jury, and an usurpation of their functions, for the court to determine for them

what facts are proven, or attempt to tell them what their verdict should be on a question of fact. This court can not approve of an instruction to the jury, that, under the facts proven, the law is for the plaintiff, and their verdict should be for him.[*]

8. ERROR—*when no ground for reversal.* This court will not reverse a judgment merely for an erroneous instruction, where it clearly can see that the verdict must have been the same if the instruction had not been given. In such case the error works no prejudice.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. JESSE HOLDEN, and Mr. JOHN J. KNICKERBOCKER, for the appellant.

Messrs. E. & A. VAN BUREN, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was an action of forcible entry and detainer, instituted before a justice of the peace, by appellee against appellant and one Hœss, to recover the possession of lot 11, block 5, in Walsh & McMullin's subdivision of a part of the south-east quarter of sec. 20, town 39 north, range 14 east, in Cook county. Judgment was recovered against appellant and said Hœss, from which appellant alone perfected an appeal to the circuit court. The trial of the case in the circuit court, before the judge and a jury, resulted in a verdict of guilty, and judgment for restitution and for costs against appellant, and thereupon he brought the record here, and assigns various errors.

---

[*]Where there is evidence tending to establish a plaintiff's right to recover, it is an invasion of the province of the jury to instruct them to find for the defendant. *Guerdon* v. *Corbett et al.* 87 Ill. 272; *Pemberton* v. *Williams,* ibid. 15; *Poleman* v. *Johnson,* 84 id. 269. But in this latter case, the court say: "Where there is one *essential* allegation of a declaration which has no proof tending to support it, it is the duty of the court to exclude from the consideration of the jury all the evidence in the case, or to charge the jury that there is no evidence to support the supposed essential allegation of the declaration, and that, for want of such proof, they must find for the defendant." To the same effect are *Martin* v. *Chambers,* 84 Ill. 579, and *Phillips* v. *Dickerson,* 85 id. 11.

It is urged, the record fails to disclose that any summons was issued to bring Hœss before the circuit court, or that he entered his appearance before trial or on the trial, and that, consequently, the court had no jurisdiction to try the cause, and certainly no jurisdiction to proceed against Hœss. We find, however, upon examination of the record, Hœss did appear on the trial, by his counsel, and demur to the evidence as against himself, and, thereupon, the court stated there was no evidence against him, and directed the jury to find him not guilty; nor were there, thereafter, in the suit any steps taken against him, and the judgment was rendered only against appellant, the order of the court being, in express terms, that the plaintiff "recover of said defendant, August Hubner, impleaded with Heinrich Hœss, possession of the premises in his plaint described, etc., and also that he recover of said defendant his costs, etc." It is true, the verdict reads: "We, the jury, find the *defendants* guilty," etc.; but then the very order of the court in which this verdict is recorded shows the verdict was returned in a case wherein Carl Feige was plaintiff, and "August Hubner, impleaded with Heinrich Hœss," was defendant. The use of the additional letter, making the word "defendants" instead of "defendant," was plainly a mere clerical error, either on the part of the jury or clerk, and it is evident from the motion filed for a new trial, and from all the subsequent proceedings, that it was the understanding of both court and counsel that the suit was pending only against appellant.

We think the evidence in the case abundantly shows, that on the 3d day of January, 1876, appellee was in the quiet and peaceable possession of the premises in question, under a lease for a term of five years from April 1, 1873, and that while thus in possession, appellant and a constable by the name of Boynes came and forcibly put him out of possession, ejected his wife from the premises, and deposited his furniture and household goods in the public street, and took possession themselves; that the constable then went away, leaving Hub-

ner there; that Hubner retained the possession, and claimed and insisted he was entitled thereto, and that appellee thereupon made demand in writing for the same, and brought suit therefor.

Appellant offered to show, on the trial, said Boynes and himself made the entry and ejected appellee by virtue of a writ of restitution issued by a justice of the peace in a case of Robbins and others against appellee, and to this end offered in evidence the complaint, summons, writ of restitution and return thereon in such proceeding. This evidence was objected to, and the objection properly sustained by the court. It appeared said proceedings were in relation to other premises, and not the premises in question in this suit. The property here in controversy is lot 5, in block 11, and a writ for the restitution of lot 28, in said block, could not be pleaded or offered in evidence as a justification of the eviction of appellee from said lot 5.

Appellant further offered to prove his possession was by the license, permission and consent of the lessors of appellee, and that appellee was in default in the payment of rent to such lessors. The lessors themselves would have had no right, even if there was rent due, to forcibly enter into the premises, nor could they give any such right to appellant, nor, if they had forcibly taken possession themselves, could they have given such possession to appellant as would have rendered his possession under them lawful as against appellee. But the evidence of both parties to this suit shows, conclusively, the ouster was by appellant and not by such lessors, and that it was sought to be accomplished by an abuse of the process of a court. There was no error in excluding the proposed evidence from the jury.

Appellant likewise proposed to introduce in evidence on the trial a note of appellee to appellant for $400, and a mortgage on said lot 5, given to secure said note. But he never took or claimed to take possession of the lot under the provisions of said mortgage, nor had he foreclosed it, or sold or

offered to sell the premises by virtue of any power of sale therein contained, or made any demand for possession, but took possession under a writ of restitution against other property, and thereupon procured a lease himself from the lessors of appellee. The proffered testimony was properly excluded from the jury.

There was no error in refusing the several instructions asked by appellant, as they were not based upon any evidence in the case. The rulings of the court had excluded all the defense that appellant had, and the supposed facts upon which the instructions were predicated were not in proof before the jury.

The court, of its own motion, instructed the jury, in substance, that under the facts proven in the case the law was for the plaintiff, and that their verdict should be for him. We can not approve of this mode of instructing a jury. Such form of instruction is always objectionable. *Peoria Ins. Co.* v. *Frost*, 37 Ill. 333. Under our law the jury are the judges of the evidence. It is an invasion of the rights of the jury, and an usurpation of their functions, for the court to determine for them what facts are proven, or attempt to tell them what their verdict should be on a question of fact. A court can always so instruct the jury that there can be no honest mistake on their part as to what the law is as applicable to the facts in proof, and that, too, without assuming to draw inferences from the evidence, or to determine what it does or does not prove. The court may inform the jury what facts will sustain the issue, but may not determine whether such facts have been established. The court is for the law and the jury for the fact.

However, we can clearly see in the case now before us, that either with or without this instruction the verdict of the jury could not have been otherwise than what it was. The holdings of the court had destroyed the theories of the defense, and no testimony even tending to establish them was any longer before the jury. There was no material fact of appel-

lee's case in dispute. The evidence of appellant himself upon the witness stand established and proved his opponent's cause of action. It is evident the error of the court prejudiced no right of appellant. Upon a new trial the verdict would necessarily be the same. Substantial justice has been done between the parties, and appellant has no just cause of complaint. It is the long established doctrine of this court, that in cases of such character judgments will not be reversed, even though erroneous instructions may have been given.

We find no error in this record that should reverse the judgment, and it will therefore be affirmed.

*Judgment affirmed.*