# The Phenix Insurance Co.

## v.

# John B. La Pointe.

1. Evidence—Insurance.—Where, by the terms of a policy of insurance,
the insured was to use his best endeavors to save the property insured, in an
action on the policy it was proper for him to testify as to what property he
had in the store other than that covered by the policy of insurance.

Phenix Ins. Co. v. La Pointe.

2. Evidence—Agent's report.—The report of an insurance company's agent, in which, in answer to the question contained in the application for insurance, as to incumbrances, the answer is "no," and the application is not signed by the insured, and was merely the report of the agent to the company made subsequently to the time of the application, and not in the hearing or presence of the insured nor with his knowledge, does not bind the insured.

3. Practice.—New trials will not be granted for slight errors in the giving or refusing of instructions where the verdict is clearly right.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed December 4, 1885.

Mr. Robert Rae and Mr. John S. Miller, for appellant.

Messrs. Abbott, Oliver & Showalter, for appellee.

Wilson J. This was assumpsit, brought by appellee against appellant on a policy of insurance for $1,000, covering certain fixtures, billiard tables, liquors, etc., in appellee's saloon at South Chicago. Verdict and judgment for plaintiff for $1,000, from which the defendant appealed to this court.

We are of opinion that the case, as made by the plaintiff's evidence, showed a cause of action, and that the defense was without legal merits. It is objected (1) that the court improperly refused to admit in evidence the report of the company's agent, in which, in answer to the question contained in the application for insurance, " Is the property mortgaged or otherwise incumbered?" the answer is " No." As the application is not signed by the plaintiff, and this was merely the report of the agent to the company, made subsequently to the time of the application, and not in the hearing or presence of the plaintiff, nor so far as appears with his knowledge, it did not bind him. It was not his declaration, nor did it constitute a part of the *res gestæ*. The evidence was therefore properly rejected.

(2) Nor was there any legal ground of objection in allowing the plaintiff to testify as to what other property he had in the store other than that covered by the policy of insurance. It was proper to show all the surroundings, that the jury might

be better able to judge as to whether the plaintiff used his best endeavors, as by the terms of his policy he was required to do to save the property insured. The evidence was also competent as tending to rebut any inference that the fire was intentional on the part of the insured.

(3) It is objected that the plaintiff did not use due diligence in making proofs of loss. This objection finds no support in the evidence. On the contrary, he seems to have endeavored in good faith to have his loss adjusted, and to have used all the diligence which could have been reasonably required of him under the circumstances. The failure to obtain an earlier adjustment may, we think, quite as justly be referred, under the evidence, to a want of co-operation on the part of the company's representatives, as to any supposed want of diligence on the part of the plaintiff.

The assignment of errors also questions the action of the court in giving and refusing certain instructions, and modifying others. It is sufficient to say that, taken all together, the instructions laid down the law of the case with substantial accuracy. But if it were otherwise, and they were in some respects not technically correct, the merits of the case were so clearly with the plaintiff we should not be inclined to reverse on that ground. It has been repeatedly held by the Supreme Court that new trials will not be granted for slight errors in the giving or refusing of instructions, where the verdict is clearly right. Chi. & W. I. R. R. Co. v. Dooling, 95 Ill. 202; Albin v. Kinney, 96 Id. 214; Lowry v. Coster, 91 Id. 182; Chi. & E. Ill. R. R. v. Kung, 104 Id. 646; Hubner v. Feige, 90 Ill. 208; Race v. Oldridge, Id. 250; Taylor v. Danville, O. & O. R. R., 10 Bradwell, 311; 75 Ill. 139; 83 Ill. 20. The court said: "Where the evidence clearly sustains the verdict, this court never reverses for error in the instructions." In the present case, the verdict manifestly executes justice. It is not claimed that the loss was not an honest one; the fire originated at a distance from the plaintiff's premises; there is no proof of over-valuation of the property destroyed; and the loss was total. The judgment of the court below is therefore affirmed.

Judgment affirmed.