## Alfred Godfrey v. The Streator Railway Co.

1.  VERDICT—*When to be Directed for the Defendant.*—It is only where the evidence, with all fair and legitimate inferences arising therefrom, is so far insufficient to sustain a verdict for the plaintiff that if rendered it must be set aside, that the court will be justified in directing a verdict for the defendant.

2.  SAME—*When it is Error to do so.*—Where the evidence tends to support the case of the plaintiff it is improper for the court to take the case from the jury.

Memorandum.—Action for killing a horse. Electric wires. In the Circuit Court of La Salle County; the Hon. DORRANCE DIBELL, Judge, presiding. Trial by jury; verdict for defendant by direction of the court; appeal by plaintiff. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed December 13, 1894.

APPELLANT'S BRIEF, H. H. DICUS AND McDOUGALL & CHAPMAN, ATTORNEYS.

The general test as to the propriety of refusing to submit a point to the jury is whether their verdict on the point, if against the moving party, must be set aside as contrary to or against the weight of evidence. Cagger v. Lansing, 64 N. Y. 417; Corning v. Troy Iron and Nail Factory, 44 N. Y. 577; Fish v. Davis, 62 Barb. (N. Y.) 122; Pleasants v. Fant, 22 Wall. (U. S.) 116; Griggs v. Houston, 104 U. S. 553; Montclair v. Dana, 107 U. S. 162; Zettler v. City of Atlanta, 66 Ga. 195; Jackson v. Jacksonport, 56 Wis. 310; Weis v. City of Madison, 75 Ind. 241; Hyatt v. Johnson, 91 Pa. St. 196; Heath v. Jaquith, 68 Me. 433.

It is only where the evidence, with all fair and legitimate inferences arising therefrom, is so far insufficient to sustain a verdict for the plaintiff that the court must set it aside if rendered, that the court would be justified in directing a

verdict for the defendant. Phillips v. Dickerson, 85 Ill. 511; Goodrich v. Lincoln, 93 Ill. 360; Railway Co. v. Lewis, 109 Ill. 120; Simmons v. Railroad Co., 110 Ill. 346; Railroad Co. v. Johnson, 135 Ill. 641; Purdy v. Hall, 134 Ill. 298; Pullman Palace Car Co. v. Laack, 143 Ill. 242; Gartside Coal Co. v. Turk, 147 Ill. 120; Eddy v. Gage et al., 147 Ill. 162.

Where there is evidence tending to support the case of the plaintiff it is improper for the court to take the case from the jury. Grommes et al. v. St. Paul Trust Co. et al., 147 Ill. 634.

It is an invasion of the rights of the jury, and a usurpation of their functions, for the court to determine for them what facts are proven, or attempt to tell them what their verdict should be on a question of fact. Hunter v. Feige, 90 Ill. 208.

A cause should never be withdrawn from the jury unless the testimony is of such a conclusive character as to compel the court in the exercise of a sound judicial discretion to set aside a verdict returned in opposition to it. Fellows v. St. Louis Bridge Co., 45 Ill. App. 590; L. S. & M. S. Ry. Co. v. Johnson, 135 Ill. 641; J., A. & N. Ry. Co. v. Velie, 29 N. E. Rep. 707.

On an application to take the case from the jury, whether by motion for a non-suit, or a direction of a verdict, or by demurrer to evidence, the evidence of the opposite party must be assumed to be true, and he is to be given the benefit of all legitimate inferences therefrom in his favor. Maynes v. Atwater, 88 Pa. St. 496; Walker v. Supple, 54 Ga. 178; Frost v. Gibson, 59 Ga. 600; Parks v. Ross, 11 How. (U. S.) 373; Purcelle v. English, 86 Ind. 34; Pratt v. Stone, 10 Ill. App. 633.

REEVES & BOYS, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit commenced by appellant against appellee and the Central Union Telephone Company for damages

suffered by appellant by reason of the alleged killing of his horse by appellee and the Union Telephone Co.

On the trial after the evidence was all in, appellant dismissed his suit against the Union Telephone Co., and on motion of appellee, the court excluded the evidence from the jury, and directed the jury to find for appellee. On the jury rendering verdict for appellee the court gave judgment against appellant for costs. From this judgment this appeal is taken, and the action of the court assigned for error.

The principle of law is well established in this State that it is only where the evidence, with all fair and legitimate inferences arising therefrom, is so far insufficient to sustain a verdict for the plaintiff that the court must set it aside if rendered, that the court would be justified in directing a verdict for the defendant. Phillips v. Dickerson, 85 Ill. 511; Goodrich v. Lincoln, 93 Ill. 360; Simmons v. Railroad Co., 110 Ill. 346; Railroad Co. v. Johnson, 135 Ill. 641; Eddy v. Gage et al., 147 Ill. 162.

Where the evidence tends to support the case of plaintiff it is improper for the court to take the case from the jury. Gromes et al. v. St. Paul Trust Co. et al., 147 Ill. 634; Hunter v. Feige, 90 Ill. 208. On the morning of February 20, 1891, appellant, about half past 8 o'clock, A. M., drove down Bloomington street, in Streator, until he came to the intersection of Bloomington with Morrell street, where one of his horses stepped on a wire down in the street, highly charged with electricity, by which, receiving the full charge thereof, he was instantly killed. The evidence tended strongly to show that the night previous there had been a heavy storm of wind and sleet, by which the telephone wires in the city had been thrown down on the trolley wire of the electric street car line, and that the appellee had full notice of it and was well aware of the danger to people and animals traveling the streets if the street cars were run while the telephone wires were on and across the trolley and on the ground, for they would be heavily charged with electricity from the power house of appellee. The evidence

tended to show that the wire causing the death of the horse was lying across the appellee's trolley wire resting on the street, and that the appellee knew it or should have known it in time to have removed it and prevented accidents.  The appellee was in the use of a highly dangerous agency in operating its street railway, and was bound to corresponding great care to so use it as not to endanger the life and property of the people who might pass or drive over the street. If the jury found on the evidence as given in by appellant a case of negligence was made out, and the verdict should have been for appellant for the value of the horse, shown to have been worth $100, then there was sufficient evidence from which the jury might have found appellee negligent as charged.

For the error committed by the court in taking the case from the jury and directing a verdict for appellee, the judgment of the Circuit Court is reversed and the cause remanded.