## A. J. C. Ledgerwood v. A. Bushnell.

### Gen. No. 12,684.

1. CONTRACT—*when special damages for breach of, in failing to make prompt delivery cannot be recovered.* Where the vendee at the time he accepts an order for the delivery of merchandise has no knowledge that such merchandise is to be used in the filling of a particular order, special damages arising from the vendee's inability to fill such an order on account of delay in delivery cannot be recovered.

2. DELIVERY—*what does not waive damages for delay in.* Acceptance of merchandise as tendered for delivery after the lapse of the time fixed by the contract for delivery, is not a waiver of the delay.

Action of assumpsit. Appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded. Opinion filed October 9, 1906.

EDWIN F. ABBOTT, for appellant.

JOHN C. SCOVEL, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an action of assumpsit by Bushnell against Ledgerwood to recover the balance of the purchase price of certain lumber sold and delivered by plaintiff to defendant, in which the plaintiff recoved the full amount claimed by him to be due. So far as the plaintiff's claim is concerned, we see no reason to question the amount of the recovery.

The principal contention of appellant is, that the trial court erred in excluding certain evidence offered by the defendant in support of his claim to recoup damages alleged to have been sustained by him by reason of the failure of the plaintiff to ship the lumber within the respective times agreed upon in the contract of sale.

Plaintiff, the seller, was a lumber dealer at Kansas City, Missouri; defendant, the buyer, a building contractor in Chicago. The sale was made by the plaintiff through Caryl, a broker in Chicago, who had been requested by the plaintiff to take orders for lumber for him in Chicago, and furnished a list of defendant's prices for lumber. Caryl, on July 8, 1901, took from the defendant an order for a large quantity of lumber, a part thereof to be shipped by July 25th and the remainder by August 1st, and sent the same to plaintiff, and the latter, after some correspondence with Caryl in reference to defendant's financial standing, accepted said order and paid to Caryl a commission of thirty-five cents per thousand for making such sale.

Ledgerwood v. Bushnell.

The lumber was bought by defendant to be used by him in constructing a building in Chicago for the Chicago Ornamental Iron Works. The lumber was not shipped within the respective times stated in the contract, but was accepted by defendant when it reached Chicago.

The defendant upon the trial was asked by his counsel what he said, or what information he gave to Caryl at the time the order was given to him as to what the lumber was to be used for, to which question the plaintiff objected. The trial court sustained the objection, and ruled that what was said by defendant to Caryl, but not communicated to the plaintiff, was inadmissible. The court also refused to permit the defendant to show when the lumber was shipped or to show that he had a contract with said iron works and that by reason of defendant's failure to ship said lumber at the times agreed upon, defendant was delayed in the fulfillment of such contract and thereby suffered damage.

That it would have been competent for the defendant to prove that the plaintiff, when he entered into the contract with defendant to sell and deliver to him the lumber in question, was informed that the defendant had contracted with said iron works to erect a building and intended to use the lumber then purchased in erecting such building, is not disputed. If so informed, then the damages which defendant might sustain under his contract with the iron company in case the plaintiff failed to ship said lumber within the time agreed upon, might fairly be supposed to have entered into the contemplation of the parties when they made the contract and to be such damages as might be expected naturally and directly to follow and be the result of such breach of the contract, and therefore such damages might form the basis of a recovery or recoupment on the part of the defendant against the plaintiff. Benton v. Fay, 64 Ill. 417.

But if plaintiff was not so informed, then such damages could not be said to have entered into the contemplation of the parties or be such as could be expected to naturally follow or be the result of such breach of the contract, and therefore could not be the basis of a recovery or recoupment by defendant against plaintiff.

There is no pretense that the plaintiff, when he accepted the order, had any personal knowledge or information of the existence of the contract between the defendant and the iron works, or of the use the latter intended to make of the lumber ordered by him.

In Williams v. Tatnall, 29 Ill. 553-564, it was said: "Notice to agent or attorney, when received in the course of the business of the agency, or under such circumstances as to induce the satisfactory belief that it was received while transacting such business, is as effectual as notice to the principal personally."

Sterling Bridge Co. v. Baker, 75 Ill. 139, was an action by Baker against the bridge company for the hire of certain jack screws. The superintendent of the bridge company sent one Blair to Baker to procure the jack screws to be used in repairing a bridge. Baker told Blair that he should charge twenty-five cents a day for each jack screw, so long as it was away from his shop, and Blair testified that he did not communicate this fact to Spencer or any other agent of the defendant, and the court said (p. 140): "No previous arrangement had been made for these screws, and when Blair was sent, it was to get them. He was, as to this act, necessarily defendant's agent. His request for them was defendant's request; and what was said to him as to the terms upon which the defendant could have them, was said to an agent of the defendant about a matter affecting a special duty with which he was entrusted, and is, consequently, binding upon the defendant."

The question whether notice to Caryl at the time the order was given to him was notice to the plaintiff, his

principal, does not depend upon the question whether Caryl was the general or only the special agent of the plaintiff, nor upon the question whether such information was communicated by Caryl to the plaintiff, but depends upon the question whether the notice or information was given to Caryl in the course of the business of his agency, while engaged in the transaction of such business.

Blair was not the general agent of the bridge company; he was only a messenger sent by the superintendent to Baker to procure from him the jack screws, but what was said to him by Baker as to the terms upon which the bridge company could have the jack screws, was held binding upon the bridge company, although not communicated to any agent of the company, because said to him, ''about a matter affecting a special duty with which he was intrusted by the bridge company.''

By the question, to which objection was sustained, the defendant sought to show by his own testimony that at the time he gave the order to Caryl he told Caryl of his contract with the iron works and that he intended to use the lumber so ordered in the fulfillment of that contract. The question called for what was said, what information was given to Caryl, the agent of the plaintiff, while he was acting for the plaintiff, his principal, in the very transaction which was the subject-matter of the suit. Notice to Caryl in such a matter, under such circumstances would, we think, be notice to the plaintiff, and the trial court erred in sustaining plaintiff's objection to said question.

The contention of the appellee, that the defendant by accepting the lumber without objection when it was delivered after the time agreed upon, waived the right to recover or recoup in this action damages because of such delay, cannot be sustained.

''In the absence of other circumstances than the acceptance of property after the time specified for its

delivery there is no waiver of the right to recover damages because of the delay." Sutherland on Damages, sec. 665; Mechem on Sales, secs. 1381-1390.

For the error indicated the judgment of the Superior Court will be reversed and the cause remanded.

*Reversed and remanded.*