GEORGE C. SMALLEY ET ALS. *versus* JOHN B. WIGHT.

It is competent for the maker of a promissory note or the drawer of a bill, to make it payable to the order of himself; but such note or bill cannot be negotiated in the first instance except by the indorsement of the payee or his legal representative, so as to enable the holder to maintain an action thereon in his own name.

The negotiability of paper payable to order, is not recognized by the common law, but depends entirely upon the custom of merchants, which custom requires that the assignment be made by a writing on the bill directing the contents thereof to be paid to some third person.

A note or bill payable to the order of the maker does not become a binding contract until indorsed by him.

The facts of this case were agreed as follows:

This action is ASSUMPSIT on two promissory notes.

The notes were given by the defendant to one who sold them to the plaintiffs for a full consideration, and were in the following words, viz.:

"$25.00. THOMASTON, Oct. 7, 1856.

Six months after date, I promise to pay to the order of myself twenty-five dollars, value received, at the Thomaston Bank, with interest. Signed, J. B. WIGHT."

On which the defendant indorsed his name.

Smalley *v.* Wight.

The second note declared on was as follows:

"25.00.                    THOMASTON, Oct. 4, 1856.

Nine months after date, I promise to pay to the order of myself twenty-five dollars, value received, at the Thomaston Bank, with interest.          Signed,      J. B. WIGHT."

The defendant did not indorse his name on the back of the note; but the plaintiffs, after the note came into their hands, indorsed it: "Pay to *Smalley, Weed & Bartlett.*"

It is admitted that demand was duly made upon the defendant at the Thomaston Bank, at the maturity of the notes, by the plaintiffs, who were then the holders thereof.

The question submitted to the court is, whether the action can be maintained for the *second* note declared upon. If not, it is to be stricken from the writ, and the default to be for one note only and interest.

*A. P. Gould,* counsel for the plaintiffs.

The only question submitted to the court, is whether the second note declared upon is a negotiable promissory note, or a "promissory note" in the acceptation given to that term, in commercial law.

Was it *indispensable* that the defendant should sign upon the *back* as well as on the *face?* This will be contended for by his counsel.

The instrument is negotiable in form, and it will not be denied, that if it had been indorsed by the defendant, it would have become a promissory note.

Is not the *intention* of the defendant as well indicated by *once* signing, as *twice?* viz.: to make the instrument a negotiable note.

The well known rule in the construction of contracts is, to carry out the *intent* of the parties.

The defendant writes a note, promising to pay to *his own order* a certain sum, and thereupon *signs it*—the *effect* of which is, to *order the amount to be paid to any person to whom he shall deliver it;* and in such case, any person to whom it had been lawfully transferred, might write an order

over the defendant's signature, to pay to himself, as in the case of a blank indorsement, by a promisee.

"If a person draws an order *upon himself*, or payable by himself, it is, or at least may, although in the *form of a bill*, be treated as a *promissory note.*" Story on Notes, s. 16; *Starke* v. *Cheesman*, Carth. R., 509; *Dehers* v. *Harrott*, 1 Shower R., 193; *Joscelin* v. *Lasene*, Fort. R., 282; *Roach* v. *Ostler*, 1 Mann. & Ryan R., 120.

Bayley says an "order may be addressed to the person making it; in other words, a man may draw upon *himself;* but in legal operation, it is rather a *note* than a bill." Bayley on Bills, ch. 1, s. 2.

In *Starke* v. *Cheesman*, Christopher Cheesman, (the defendant,) being in Virginia, drew upon Christopher Cheesman in Ratcliff, which in truth was *himself*, and the plaintiff had judgment on it as a bill.

In *Dehers* v. *Harrott*, the defendant drew a bill on himself, and had judgment as on a bill.

*Robinson* v. *Bland*, Burr R., 1077, is a similar case.

In the case at bar, it is true that no person is named (other than the defendant) in the note, and it may be said, there is no *promisee*, and the contract is *incomplete*. But I contend that there are *two ways* of answering this objection. It may be regarded as a note payable to the *bearer;* or as payable to *himself*, and the signing be regarded as an order by the defendant, that the contents be paid to any person *to whom he passed it*.

It was executed and *delivered* as a promissory note, regarded as such by the parties, and if possible it is the duty of the court to give it that effect. It is a *promissory note*, or it is *no contract at all*.

*Richards* v. *Macey*, 14 Meason & Welsby R., 448, was an action on such a note.

This is not the case of a note made by a man *to himself*, *simply*, but to his *order;* and being signed by the defendant and by him, thereupon delivered to a person for value, that person had a right to write his own name upon it, *as payee*.

Smalley *v.* Wight.

If necessary, it might be treated as a note, signed *in blank*, by the defendant, and delivered to the plaintiffs for value; in which case they would have a right to fill it up, by writing their own names, as payees.

There is a money count in the writ, and on that— whether it be treated as a *note* or a *bill*—the plaintiffs may recover.

*E. Wilson*, counsel for the defendant.

MAY, J. It is competent for the maker of a promissory note or the drawer of a bill, to make it payable to the order of himself. This mode of creating negotiable paper is found to be convenient, especially in our commercial cities, because when such paper has been properly issued, it may be transferred by the holder by delivery, and it does not require his indorsement to make it further negotiable. The practice of issuing such paper has now become very common, and its validity, when indorsed by the maker or drawer, is not questioned.

It is well settled, that notes and bills payable to order cannot be negotiated in the first instance, except by the indorsement of the payee or his legal representative, so as to enable the holder to maintain an action thereon in his own name. The negotiability of such paper does not exist by the common law; it depends entirely upon the custom of merchants; and this custom, says EYRE, C. J., in *Gibson* v. *Minet*, 1 Hen. Bla., 605, "has directed that the assignment should be made by a writing on the bill, called an indorsement appointing the contents of the bill to be paid to some third person;" and such is now the well, if not universally, established law in relation to bills and promissory notes, when made payable to the order of any other than a fictitious payee. *Bolles* v. *Stearns*, 11 Cush. R., 320; *Foster* v. *Shattuck*, 2 N. H. R., 446; *Cook* v. *Fellows*, 1 Johns. R., 143.

It is contended that the rule above stated does not apply to a bill or note which is payable upon its face to the order of the drawer or promisor. No case has been cited to establish such a proposition; and we are aware of no principle

upon which such paper can be treated as payable to the bearer, so as to pass the legal title in the first instance, by a mere delivery. It is no better than blank paper, so long as it remains in the hands of the maker; and although it has the form, it has not the legal vitality of a contract. It becomes a contract only by being negotiated. Its very language indicates the intention of the maker to determine the extent of its negotiability; and if he chooses he may limit or restrict it, or he may make it general. The fact that it is *payable to his own order* manifestly shows the purpose of appointing for himself, by his own order, the person to whom it shall be paid, and of fixing the extent of the power of negotiation with which his appointee shall be clothed. If it had been his intention to make the paper in itself negotiable by delivery, without any order or indorsement of his own, the insertion of the word bearer would have been the natural and appropriate mode of doing it. We cannot doubt, for the reasons already stated, that such paper is invalid as a contract until it is indorsed. It is the indorsement alone which gives it efficacy. The plaintiff, therefore, cannot recover upon the note declared upon in the second count, the same not having been indorsed by the payee; and being void, it will not sustain the action upon the money count. *Sherman* v. *Goble*, 4 Conn. R., 246; *Taylor* v. *Benney*, 7 Mass. R., 479.

According to the agreement of the parties, the second count in the writ is to be stricken out, and the defendant is to be defaulted for the amount of the note and interest described in the first count.

*Defendant defaulted.*

TENNEY, C. J., RICE, HATHAWAY, APPLETON, and DAVIS J. J., concurred.