THE FIRST NATIONAL BANK OF ST CHARLES, *Appellant*, v. PAYNE *et al.*

Division One, July 2, 1892.

1. **Evidence**: WITNESS: DEATH OF CONTRACTING AGENT. While the death of the contracting agent of a surviving party to a contract excludes the testimony of the other contracting party on a trial where such contract is in issue, yet the rule is limited to trans- actions had by the party to the action with the deceased agent of the other party, acting on behalf of his principal.

2. ———: ———: ———. The bookkeeper of a bank is competent to testify that a note executed by a deceased maker payable to his own order had not been indorsed by him, when indorsed by the defendants in a suit by the bank to charge such defendants as makers, where its cashier who was its contracting agent in the matter is dead

3. ———: ———: ———. So it was competent for the defendants to testify in rebuttal that the note was indorsed by the makers at the time of the indorsements made by them.

4. Note: INDORSEMENT BY ONE NOT A PAYEE. While one who indorses a negotiable promissory note in blank, not being a payee or indorsee thereof, is *prima facie* deemed a maker, yet the rule is not applicable to such indorsement of a note made payable to the order of the drawer.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*T. F. McDearmon* for appellant.

(1) Under the testimony in the case the defendants were makers of the note sued on, and were liable as such. When parties place their names on the back of a note to which they are strangers, they are regarded as makers in the absence of extrinsic proof of an agreement to the contrary between them and the payee, known to the indorsee. *Bank v. Hammerslough*, 72 Mo. 274; *Semple v. Turner*, 65 Mo. 696; *Chaffe v. Railroad*, 64 Mo. 196; *Cahn v. Dutton*, 60 Mo. 297; *Stagg v. Linnenfelsor*, 59 Mo. 336; *Seymore v. Farrel*, 51 Mo. 95; *Mammon v. Hartman*, 51 Mo. 168; *Boyer v. Boogher*, 11 Mo. App. 130; *Bosbyshell v. Ehninger*, 3 Mo. App. 574; *Butler v. Gambs*, 1 Mo. App. 466; *Burton v. Hasford*, 10 W. Va. 470; *Houghton v. Ely*, 26 Wis. 181; *Chaddock v. Venness*, 35 N. J. 517; *Bank v. Willis*, 8 Metc. (Mass.) 504. And the onus is on the defendants to show such agreement. *Cahn v. Dutton*, 60 Mo. 297; *Boyer v. Boogher*, 11 Mo. App. 130; *Chaffee v. Railroad*, 64 Mo. 193. And they must show that the indorsee, plaintiff in this case, had notice of such agreement in order to bind it. *Chaffee v. Railroad*, 64 Mo. 193. The court, therefore, erred in refusing

The First Nat. Bank of St. Charles v. Payne.

instructions, numbered 1 and 2, asked by plaintiff, and rendering judgment for defendants. (2) The testimony of defendants, Rochester Ford and Fannie F. Payne, was clearly illegal. They were incompetent witnesses, and their testimony should have been excluded, for the reason that Robert H. Payne, a maker and payee of the note in controversy, and who negotiated it to the plaintiff, and John E. Stonebraker, the plaintiff's cashier with whom the negotiation was made by said Payne, were both dead. *Williams v. Edwards*, 94 Mo. 447; *Butts v. Phelps*, 79 Mo. 302; *Weiland v. Weyland*, 64 Mo. 168; *Chapman v. Dougherty*, 87 Mo. 617; *Meier v. Thieman*, 90 Mo. 433; *Ring v. Jamison*, 66 Mo. 424; *Kellogg v. Malin*, 62 Mo. 429; *Stanton v. Ryan*, 41 Mo. 510; *Angell v. Hester*, 64 Mo. 142; *Robertson v. Reed*, 38 Mo. App. 32; *Ashbrook v. Letcher*, 41 Mo. App. 369. (3) Plaintiff was entitled to recover, even though it appeared from the testimony that Robert H. Payne's name was indorsed upon the back of the note at the time the defendants put their names thereon. Robert H. Payne, being both payee and maker of the note, gave the note the character and legal effect of a note payable to bearer when he negotiated it by delivery to the plaintiff bank. Revised Statutes, 1889, sec. 735, p. 256. (4) Plaintiff contends that if defendants were indorsers, as they claim, they waived protest and notice in writing on the back of the note.

*Silas B. Jones* for respondents.

(1) When a negotiable promissory note is drawn by the maker payable to his own order and indorsed by him, and afterwards indorsed by a third person, such third person is upon the face of the paper an indorsee as well as indorser, and liable only as such; and he is

not a joint maker of the note under the rule, that where a third person, neither payee nor indorsee of a negotiable promissory note, writes his name on the back of it, he is *prima facie* a joint maker of the note. *Rickey v. Dameron*, 48 Mo. 61; *Kuntz v. Temple*, 48 Mo. 71; *Bigelow v. Colton*, 13 Gray, 309; *Lake v. Stetson*, 13 Gray, 310; *Stoddard v. Pennimann*, 108 Mass. 366; *Heidenheimer v. Blumenkron*, 56 Tex. 308; *Williams v. Bank*, 67 Tex. 606; 2 Parsons' Bills & Notes, p. 122; Tiedeman on Commercial Paper, sec. 270; 1 Daniel on Negotiable Instruments, secs. 707, 707*a;* Story on Promissory Notes, sec. 476, note 2.    (2) If the note is payable to the maker's own order, and a third person indorses it before it is indorsed by the maker, and the maker afterwards indorses the note above the name of the third person, then the latter is liable as indorser only, and not as maker.    *Clapp v. Rice*, 13 Gray, 403; *Stoddard v. Pennimann*, 108 Mass. 366; *Dubois v. Mason*, 127 Mass. 37; *Blatchford v. Milliken*, 35 Ill. 434; *Kayser v. Hall*, 85 Ill. 511.    (3) *First.* Where a promissory note, negotiable in form, is made by the maker payable to his own order, it cannot take effect as a note until indorsed by the maker.    1 Daniel on Negotiable Instruments, sec. 130; Tiedeman on Commercial Paper, sec. 20; *Smalley v. Wight*, 44 Me. 442; *Little v. Rogers*, 1 Met. 108.    *Second.*    And in such case as the note can never have any validity until the name of the payee appears upon it as an indorser, a third person writing his name in blank upon the note before it is indorsed by the maker is presumed in law to do so on the understanding, that when the note takes effect the name of such third person will appear thereon as second indorser, and such third person will be held liable as indorser only.    *Blatchford v. Milliken*, 35 Ill. 434; *Kayser v. Hall*, 85 Ill. 511; *Clapp v. Rice*, 13 Gray, 403; *Stoddard v. Pennimann*, 108 Mass. 366; *Dubois v. Mason*, 127

Mass. 37. *Third.* If when a note first takes effect by indorsement and delivery by the payee, the name of a third person appears on the back thereof, under the name of the payee, such third person will be liable as an indorser only; and it is immaterial when the names were written on the back of the note. *Stoddard v. Pennimann*, 108 Mass. 366; *Clapp v. Rice*, 13 Gray, 403; *Pierce v. Mann*, 17 Pick. 244. (4) If a party indorses a negotiable promissory note, which is payable on its face to bearer, he is liable as an indorser only. *Bigelow v. Colton*, 13 Gray, 309; *Dubois v. Mason*, 127 Mass. 37; *Tillman v. Ailles*, 5 Sm. & Mar. 373; Story on Promissory Notes, sec. 132; 1 Daniel on Negotiable Instruments, sec. 707*a;* Tiedeman on Commercial Paper, sec. 270. (5) To render a party liable as indorser only, whose name is written in blank on the back of a negotiable note, it is not essential that he be in fact an indorsee, or that he ever in fact held, owned or transferred the note. If he is apparently on the paper an indorsee as well as an indorser, he is liable in the latter character only, and not as maker. *Rickey v. Dameron*, 48 Mo. 61; *Marshall v. Cabanne*, 40 Mo. App. 38; *Dietz v. Corwin*, 35 Mo. 376; *Schnell v. P. M. Co.*, 89 Ill. 581. (6) When one of the joint obligors in a contract dies, the obligee is not thereby rendered incompetent as a witness, except as to transactions had between him and the deceased obligor. *Fulkerson v. Thornton*, 68 Mo. 468; *Nugent v. Curran*, 77 Mo. 323; *Williams v. Perkins*, 83 Mo. 379, 385; *Wiley v. Morse*, 30 Mo. App. 266, 269. (7) The death of one of several joint obligors in a contract does not render his surviving associates on the same side of the contract incompetent as witnesses in a suit between them and the obligee on the contract. The statute renders a party to a contract incompetent as a witness, only when the adverse or opposite party to the contract is dead. *Stanton v. Ryan,*

41 Mo. 509; *Ashbrook v. Letcher*, 41 Mo. App. 369; *Butts v. Phelps*, 79 Mo. 302; *Williams v. Edwards*, 94 Mo. 447; *Nugent v. Curran*, 77 Mo. 323. (8) Where the contracting agent of a corporation is dead, through whom a contract has been made with the corporation, the adverse party to the contract is only disqualified as a witness in regard to matters which passed between him and the deceased agent of the corporation. *Williams v. Edwards*, 94 Mo. 447; *Butts v. Phelps*, 79 Mo. 302; *Stanton v. Ryan*, 41 Mo. 510; *Nichols v. Jones*, 32 Mo. App. 657; *Williams v. Perkins*, 83 Mo. 379; *Orr v. Rode*, 101 Mo. 387. (9) Where the surviving party to a contract sues thereon and testifies in his own behalf, the defendant may testify in rebuttal, although one of the parties to the other side of the contract is dead, so long as he does not testify in regard to what transpired between him and the deceased adverse party to the contract. *Stanton v. Ryan*, 41 Mo. 510; *Williams v. Edwards*, 94 Mo. 447; *Butts v. Phelps*, 79 Mo. 302; *Wiley v. Morse*, 30 Mo. App. 266.

BRACE, J.—This action is based upon the indorsements of defendants upon the following promissory note filed with the petition:

"$6,000.            ST. LOUIS, Mo., March 28, 1889.

"Sixty days after date I promise to pay to Robert H. Payne or order $6,000. Value received, with interest at the rate of —— per centum per annum. Negotiable and payable without defalcation or discount.

                              "ROBERT H. PAYNE."

Upon which were the following indorsements:

"May 30, 1889. Protest is hereby waived by the undersigned indorsers:

                         "ROBERT H. PAYNE,
                         "FANNIE F. PAYNE,
                         "ROCHESTER FORD."

The petition was in two counts.  The first charged the defendants as makers, the second as indorsers, waiving protest; issue was joined by answer, and the case tried before the court without a jury.

The signatures of the parties on the note were admitted.

The evidence tended to prove that the waiver of protest of May 30, 1889, indorsed on the back of the note was written on that day by Robert H. Payne, and no authority from defendants to him, so to do, being shown, the only possible ground of recovery in the case was to charge the defendants as makers.

The court, at the request of the plaintiff, declared the law of the case, by way of instruction, to be that "if the evidence shows that the defendants indorsed their names on the back of the note in suit, while in the hands of the payee, and that the payee negotiated and delivered the same to the plaintiff without indorsing his name on the back thereof, the plaintiff is entitled to recover of the defendants as makers," found the issue for the defendants, and from the judgment in their favor the plaintiff appeals.

On the trial the plaintiff introduced the oral evidence of its clerk or bookkeeper, tending to prove that the note in question, with other securities, was on the day of its date delivered to plaintiff's cashier by Robert H. Payne, the maker, as collateral security for two other notes of the same date executed by him aggregating the same amount, payable to his own order sixty days after date, and by him indorsed in blank, delivered to and discounted by the bank for him on that day.  And that, at that time, the name of Robert H. Payne was not indorsed on the note in suit, but was afterwards written on the back thereof on the thirtieth of May, 1889.

To meet this testimony, the defendants were introduced as witnesses in their own behalf, and were permitted to testify over the objection of the plaintiff, and after it had first been shown that the cashier and Robert H. Payne were dead at the time of the trial: The said *Fannie F. Payne*, that at the time she indorsed said note the name of said Robert H. Payne was already indorsed thereon, and the said *Ford* that at the time he indorsed said note the names of the said Robert H. Payne and the said Fannie F. were already indorsed thereon.

The admission of this evidence, the plaintiff complains of as error, for which the judgment should be reversed; and for support of its contention relies upon a line of decisions of this court, maintaining the doctrine that the death of the contracting agent of a surviving party to a contract excludes the evidence of the other contracting party. *Stanton v. Ryan*, 41 Mo. 510; *Butts v. Phelps*, 79 Mo. 302; *Williams v. Edwards*, 94 Mo. 447, to which may be added *Leach v. McFadden*, 110 Mo. 584. We do not understand the rule in these cases, however, to extend further than to transactions had by a party to the action with the deceased agent of the other party acting in behalf of his antagonist.

The defendants in this case did not undertake, nor were they permitted, to testify in regard to any contract or transaction they had either with Robert H. Payne, the maker of the note, or with the cashier of the bank, or any other of its officers, dead or alive. They were permitted to testify merely to a physical fact, the existence of which was independent of any and all contracts between the parties, a fact not peculiarly within the knowledge of the defendants and any agent of the bank, arising from a transaction between them and such agent, but of which they obtained cognizance by their sense of sight, and which was open to the cognizance of

any other witness to whom an opportunity was afforded at the time, of inspecting the note in suit, and concerning which one of the plaintiff's officers, who had such opportunity, testified, and but for whose evidence as to such fact the plaintiff would have made out no case against the defendants.

How can the plaintiff then claim that the defendants should be excluded from testifying in rebuttal of a case made out alone by the evidence of its living agent, on the ground that it had another agent dead, by whom it could have made out the same case, and nothing more. Upon the face of the indorsements upon this note the defendants were indorsers, and chargeable only as such. As we have seen, the plaintiff failed to make out a case against them as indorsers; it then sought to charge them as makers. In order to do so, it had to resort to the extrinsic parol evidence of its clerk, whose evidence alone made for it all the case it had. To exclude the evidence of the defendants in rebuttal of the evidence of this living and testifying agent of the plaintiff, as to a fact coming to their knowledge in exactly the same way as it did to him— by their sense of sight—is not within the letter or spirit of the statute; nor within any of the rulings of this court on the subject.

While we think the court committed no error in admitting this evidence, yet, conceding that it did, and that the court ought to have decided the issue upon the uncontradicted evidence of the plaintiff, tending to prove that it was indorsed by Robert H. Payne after it was indorsed by the defendants, and after it was delivered to the bank, it does not follow that this judgment ought to be reversed.

II. He was both the drawer and payee of the note. Now, while in a long line of decisions in this state following *Powell v. Thomas*, 7 Mo. 440, it has been con-

sistently and persistently held that where a person indorses a negotiable promissory note in blank, not being a payee or indorsee thereof, he is to be treated *prima facie* as a maker of the note (18 Mo. 74; 20 Mo. 571; 30 Mo. 225; 44 Mo. 105; 48 Mo. 71; 51 Mo. 95; 51 Mo. 168; 59 Mo. 336; 60 Mo. 297; 64 Mo. 196; 65 Mo. 696; 72 Mo. 274); yet it will be found on examination that in every one of these cases the payee of the note indorsed was a third person. We have not found a case in our reports or where it has ever been applied to an indorsement of a note made payable to the order of the drawer.

Such a note was an incomplete and void contract at common law, but by the custom of merchants after it had been negotiated, that is, after the drawer, as payee, had indorsed his name upon the note and delivered it to a third person, it was treated as a valid, negotiable, promissory note, payable to bearer, and has been so held in England since the statute of 3 and 4 Anne, cap. 9 (Temp. 1704).

Our statute, Revised Statutes, 1889, section 735, is declaratory of the law merchant upon the subject.

The character of such an instrument before it is indorsed by the maker is clearly stated by PARKE, B., in *Hooper v. Williams*, 2 Exch. Rep. 20, in the following language: ''No right to sue could exist in anyone, in the case of a note payable to the maker's order, until the order was made in the shape of an indorsement; until that indorsement was made, it was an imperfect instrument, and, in truth, not a promissory note at all, and consequently not transferable under the statute. What, then, is the effect of the indorsement to another person? We think it was to perfect the incomplete instrument, so that the original writing and indorsement taken together became a binding contract, though an informal one, between the maker

and the indorsee, and then, and not till then, it became an assignable note." See also *Smalley v. Wight*, 44 Me. 442; 1 Daniel on Negotiable Instruments, sec. 130; Tiedeman on Commercial Paper, sec. 20; *Little v. Rogers*, 1 Met. 108.

The language of the learned judge in *Smalley v. Wight*, *supra*, is that the note "is no better than blank paper, so long as it remains in the hands of the maker; and, although it has the form, it has not the legal vitality of a contract. It becomes a contract only by being negotiated. * * * We cannot doubt, for the reasons already stated, that such paper is invalid as a contract until it is indorsed. It is the indorsement alone which gives it efficacy."

Now when one indorses such an incomplete instrument before it is made perfect, by the indorsement of the maker as payee, and delivers it to such maker, what is his contract? What can his contract be other than to authorize the maker to make it a complete and binding contract on him as an indorser, by writing over his name the maker and payee's name, on the back of the note as first indorser? This would seem to follow with as much or more force than the assumption that one who indorses a completed note, having one person for its maker and another person for its payee, but to which he is a stranger, before it is indorsed by the payee, intended to contract as a maker. In the one case by indorsing the note, in itself a complete contract on which he is neither payee or indorsee, he must be presumed to have intended to charge himself in some relation, and as he could not on this completed contract charge himself as indorser he must be presumed to have intended to charge himself as maker. In the other, by indorsing a note which in itself is not a complete contract, he must be presumed to have intended to charge himself only in the manner in which

his name will appear on the note, when the contract is perfected by the indorsement of the maker's name as payee, when he will appear on the paper as indorsee, and his contract with a subsequent holder is that of an indorser; for as such only he appears on the note after it has acquired validity as a contract. *Blatchford v. Milliken*, 35 Ill. 434; *Kayser v. Hall*, 85 Ill. 511.

The doctrine that when a person, not a party to a note, puts his name upon it before it is delivered as a valid contract, thereby makes himself an original promisor, so long maintained in this state, was taken from Massachusetts. The case of *Powell v. Thomas*, *supra*, being bottomed on *Moies v. Bird*, 11 Mass. 440, and while the doctrine was maintained there in a long line of decisions with the same persistency as here, until set aside by legislative enactment in 1874 (Public Statutes, Massachusetts, ch. 77, sec. 15), yet in 1859, long before such legislative interference, the supreme court of that state refused to extend the principle to the case of a note payable by the drawer to himself and indorsed by a stranger to the note before negotiation by the drawer. That court saying in *Clapp v. Rice*, 13 Gray, 403, that "the correctness of these decisions, however much they may be obnoxious to criticism upon principle, it is too late to question. They have formed an established rule for the construction of that class of contracts in Massachusetts, which cannot now be disturbed without manifest injustice. But the doctrine is somewhat anomalous, and is not to be extended beyond the line of adjudged cases."

This is precisely the situation with us, and, as we have seen, the case in hand does not come within the line of the decisions in this state sustaining this doctrine, and, if our reasoning be correct, is not within the principle upon which they are based, and ought

not to be ruled by them. We also are unwilling to extend the doctrine beyond the line of the adjudicated cases.

It follows that on the uncontradicted evidence of the plaintiff the finding and judgment ought to have been for the defendants; the judgment of the circuit court is, therefore, affirmed. All concur.