W. H. Howser *et al.*, Respondents, v. Charles Newman, Appellant.

St. Louis Court of Appeals, February 25, 1896.

Promissory Notes: COMPETENCY OF ORAL EVIDENCE TO VARY LIABILITY OF INDORSER. It is not competent to vary the obligations of an indorser of a promissory note by evidence of a contemporaneous oral agreement on his part to pay the note, if the maker would not.

*Appeal from the Greene Circuit Court.*—Hon. C. J. Wright, Special Judge.

Reversed.

*Goode & Cravens* for appellant.

*O'Day & Travers* for respondents.

ROMBAUER, P. J.—The suit is upon a promissory note. The statement on which the cause was tried contains three counts. The first two charge the defendant as joint maker, and the last as guarantor of the note. The trial by the court without a jury resulted in a judgment for plaintiffs. The errors complained of by the defendant are the admission of incompetent evidence, and the giving of erroneous declarations of law.

The note sued on is in words and figures as follows:

"$43.50.          SPRINGFIELD, Mo., Feb. 19, 1890.

"Sixty days after date I promise to pay H. J. Van Leunen, or order, forty-three and 50-100, for value received, at the Exchange Bank at Springfield, Missouri, with interest at the rate of ten per cent per annum from maturity until paid.

(Signed)                          "A. R. MILLS.
(Indorsed)     "H. J. VAN LEUNEN,
                    "CHARLES NEWMAN.

"Protest waived, CHARLES NEWMAN."

It appeared without contradiction that the words "protest waived" were added by the defendant to his indorsement long after the maturity of the note. No unconditional promise on part of defendant to pay the note was shown. Against the defendant's objections the plaintiffs were permitted to show what passed between them and the payee, Van Leunen, in the defendant's absence prior to their purchase of the note. The plaintiffs were also permitted to prove, against similar objections, that the defendant told them, at the time they bought the note, that he would pay it if Van Leunen would not, but to make it out of the latter if possible. The defendant excepted, and still excepts, to the admission of all this evidence.

The admission of this evidence was error. The first part of it was hearsay, and the second part an attempt to change the terms of a written contract by oral evidence. The case seems to have been tried under a misconception of the law of negotiable paper. The rule, that one is chargeable *prima facie* as joint maker, when he puts his name on a note *preceding the name of the payee*, has been the rule in this state ever since *Powell v. Thomas*, 7 Mo. 440, in which case the cogent reasoning employed in the case of *Moies v. Bird*, 11 Mass. 440, is adopted. A party thus placing his name upon a note must be presumed to have assumed some obligation. That obligation is not defined by the position of his name on the note, because his name is not necessary to transmit title; hence he is *prima facie* a joint maker, but it may be shown that he undertook some other obligation, because such showing in no way contradicts, while it may serve to explain, the position of his name upon the paper. But that reasoning entirely fails in its application, when the liability of the person is definitely fixed by the law merchant and the position of his name upon the paper. *Bank v. Payne*, 111 Mo. 299.

As the position of the defendant's name upon the paper sued upon is that of a second indorser, and as he was not sued as such, and no evidence was given making him chargeable as such, the declaration of law made by the court that under the testimony the finding should be for the plaintiffs has nothing to rest upon.

The instructions asked by the defendant should have been given. The evidence offered shows no right of recovery, and furnishes no indication that the plaintiffs will be able to better their position on a retrial of the cause, hence it will not be remanded for new trial. All the judges concurring, the judgment is reversed.