GERMAN-AMERICAN BANK, Plaintiff in Error,
GEORGE W. CAMERY, Defendant in Error.

### Kansas City Court of Appeals, May 24, 1915.

1. **BILLS AND NOTES: Negotiable Instruments: Consideration: Burden of Proof.** In a suit by a bank upon promissory notes executed by defendant at the request of the bank's cashier and to which a plea of no consideration was made, the burden was on the defendant to show no such consideration.

2. ———: ———: **Evidence: Jury Question.** Where there was evidence tending to show that the bank had parted with its money to its defaulting cashier before the notes were executed; that the maker of the notes obtained no benefit either directly or indirectly therefrom, and that the cashier was not enabled to get the bank's money on the strength of said notes but were merely held by him for the secret purpose, unknown to the maker, of using them to cover up his defalcation if it became necessary, the question of whether there was any consideration for the notes was for the jury.

3. ———: ———: ———: ———: **Bank Books.** While it is proper to allow an expert bookkeeper to go upon the stand and go through the books explaining the transactions therein recorded and trace each item through its various places on the books and from one book to another so that the jury can fully understand the various facts the books show, yet this is as far as the witness can be allowed to go. He cannot be allowed to state what in his opinion the books prove, since that is the work and duty of the jury.

Error to Macon Circuit Court.—*Hon. Nat M. Shelton,*
Judge.

AFFIRMED.

*R. S. Mathews & Son,* and *Thos. L. Anderson* for plaintiff in error.

*Hostetter & Haley* and *Nat M. Lacy* for defendant in error.

TRIMBLE, J.—The German-American Bank of Hannibal, Missouri, brought suit against George W. Camery on two promissory notes. One of them was for $1000 dated January 2, 1909, due on demand, and the other for $500 dated May 1, 1909, due on demand. These notes were in regular form payable to the bank and signed by the defendant.

The answer admitted the execution of the notes but pleaded failure of consideration. After the evidence was introduced, this issue was submitted to the jury and it found for defendant. Thereupon the bank brought the case here by writ of error.

Defendant was a contractor in concrete work and employed a limited number of men. He had no account at the plaintiff bank. The latter's cashier was a Mr. Northam. Under an arrangement between him and the defendant, Northam paid defendant's checks, for labor bills due his men at the end of the week, by charging them to his own account. In other words, he would pay the workmen as they came in for their pay and then draw a check on his own account in the bank for the aggregate of the sums paid out by him for defendant. The account between Northam and defendant was kept by the former in a book, but their arrangement and transactions were mere private matters between themselves and had no connection whatever with the bank. At stated times defendant would pay Northam enough money to reimburse him for the money paid out by him for defendant's benefit.

The notes in question were executed by defendant at Northam's request to be held by him for a time and then to be cancelled presumably when defendant had reimbursed Northam for money paid out by him.

It appears, however, that prior to the time of the execution of the notes Northam was overdrawn or in arrears to the bank in the sum of several thousand dollars. While thus behind with the bank he became sick. The account book between him and defendant

showed that the latter owed the former nothing. When Northam took sick, the assistant cashier paid all of defendant's checks as Northam had done, but not feeling that he had authority to charge them to Northam's account as the latter had done theretofore, he merely held them as items representing so much cash. These checks were never charged against Northam's account but remained as such above items until after Northam's death, at which time they amounted to between $1500 and $1800. The defendant afterwards came in and paid the bank in full for them, so that no part of them could be treated as consideration for the notes. And all checks given in the course of his dealings with Northam were made good by defendant.

The evidence shows that no money was deposited to the credit of defendant as the proceeds of the notes sued on, and the books of the bank also show that defendant received nothing from the bank as a consideration for them.

Plaintiff contends, however, that Northam's account was credited with $1500 the amount of the notes and that as he received said sum thereon, this was a sufficient consideration upon which to hold defendant. The trouble with this contention, however, is that there is no evidence to show this conclusively. The books do not affirmatively show this fact. That they so show is merely a conclusion which plaintiff seeks to draw from the books. But the evidence tends fully as well to show that before the notes were given, Northam the cashier had already obtained the bank's money through his own machinations, and if the notes were used by him for any purpose they were merely held by him in order that he might conceal his delinquency to that extent. There was evidence tending to show that the bank had parted with its money before either of the notes sued on were given. So that the question whether defendant or Northam received any benefit from said notes was for the jury to determine from all the facts

and not for the court to settle as matter of law. This issue was submitted to the jury in a number of instructions varying in form but embodying practically the same questions. In these instructions the jury were told that it was admitted defendant executed and delivered the notes, and the presumption was they were executed for a valuable consideration, and the burden was on defendant to prove there was no consideration by the greater weight of the evidence; that if the jury believed from the evidence that "the said Camery received any benefit from said note, either directly or indirectly, or if the said Camery consented and permitted the said Northam to receive the benefits from said note, or if the said Camery permitted the money on said note to be deposited in said bank to the credit of C. H. Northam, then in that event your verdict must be for the plaintiff on both counts in plaintiff's petition."

The answers to these questions being matters of inference to be drawn from facts, and there being ample evidence to sustain the jury's finding, it must be accepted as given.

Appellant complains because the court would not allow a witness, who was an expert bookkeeper, to state his conclusion as to what the books showed. The court allowed the bookkeeper to go through the books and explain the transactions therein recorded and trace each item through the books and from one book to another so that the jury could fully understand the various facts the books did show and what plaintiff relied upon to support its contentions. When this was done this was as far as the witness could go. The ultimate fact to be gathered from the facts shown by the books was a conclusion solely for the jury and not the witness to draw. To allow the latter to do so would be invading the province of the former.

Complaint is also made because defendant was allowed to testify, the ground of the objection being

189MA35

that Northam, the agent of the bank with whom defendant dealt at the time the two notes were executed, was dead. But defendant was not allowed to testify to anything concerning the making of the contract or of matters transpiring between him and the dead agent. All he testified to was in relation to conversations had with other agents of the bank who were alive and competent to testify. Defendant was not incompetent as to those matters. [First National Bank of St. Charles v. Payne, 111 Mo. 291.]

It is said that defendant's instructions had no evidence to support them and were erroneous in other particulars. We see nothing wrong with them, and, as hereinbefore stated, there was evidence upon which to base them.

It was not error to refuse an instruction asked by plaintiff, of which complaint is made, for the reason that it was fully covered by plaintiff's given instructions.

Lastly it is urged that defendant's counsel, Mr. J. D. Hostetter, was guilty of improper argument to the jury wherein he said, "I don't want to use any harsh language about a dead man, but these facts stand out monumental in this case, that Northam had in fact looted the bank." Upon objection being made the court admonished counsel to keep within the record which in effect was a sustaining of the objection. Later in his speech counsel again referred to the "peculations of the cashier of the bank." But when plaintiff's counsel saved an exception, the court said the argument was improper, and thereupon counsel for defendant withdrew the remark. There is no reversible error in this.

We think the judgment should be affirmed. So ordered. All concur.