MARION D. RAY et al., Appellants, v. LOU WEST-ALL et al.,

Division One, February 29, 1916.

1. **WILL: General Incompetency of Witness: Husband of Legatee.** A will must stand or fall as a whole; and if the husband of the principal devisee is a competent witness for any person in a suit by which the validity of the will is being contested, his testimony would inure to her benefit.

2. ———: **Husband of Legatee: Competency as Witness.** Property, both real and personal, devised to a married woman by a will, is her separate property, and can be sold or mortgaged without reference to her husband; and in a suit contesting the validity of the will, by which she is made the principal legatee ·and he is given nothing, he is competent to express his opinion, as a non-professional witness, based upon what he observed while in testatrix's presence, as to her sanity.

3. ———: **Instruction: Incapacity: Undue Influence: Submitted in Alternative.** An instruction for the proponents of a will, telling the jury that if testatrix "was not of unsound mind and incapable of making a will, *or* that the said paper writing was not procured to be made and executed by undue influence, then you must find that said paper writing was the will" of said testatrix, is palpably erroneous. The two grounds of contest being charged, and there being testimony to sustain both, the instruction required the jury to sustain the will if they found either charge was not supported by the evidence, whatever they might find as to the other charge.

4. ———: ———: **Incapacity: Monomania.** An instruction telling the jury that if they find from the evidence that at the time of making the will, the mind of testatrix "was unsound or impaired in any one or more particulars, yet practically sound and unimpaired in all others, still you will not . be warranted in finding that she was thereby mentally incapacitated from making a will," is misleading, since it authorized the jury to sustain the will, even though her mental impairment had gone to the extent of rendering her incapable of understanding the nature and extent of her property.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

REVERSED AND REMANDED.

*Rees Turpin* and *James E. Taylor* for appellants.

(1) The husband of the principal respondent was erroneously permitted to testify. Paul v. Leavitt, 53 Mo. 595; Roberts v. Bartlett, 190 Mo. 680; Layson v. Cooper, 174 Mo. 211; Haerle v. Kreihn, 65 Mo. 202; Joice v. Branson, 73 Mo. 28; Wood v. Broadley, 76 Mo. 23; Norvell v. Cooper, 155 Mo. App. 445; Greenleaf on Evidence (14 Ed.), sec. 335; Tomlinson v. Lynch, 32 Mo. 160; Cook v. Neely, 143 Mo. App. 632; Berst v.

Moxom, 157 Mo. App. 342; Henning v. Stevenson, 118 Ky. 318.  (2)  Defendants' instructions 7 and 9 contradict plaintiffs' instruction P-b and improperly declare the law and are confusing and misleading.  Ghio v. Mercantile Co., 180 Mo. App. 686; Sheperd v. Transit Co., 189 Mo. 362; Imp. Co. v. Ritchie, 143 Mo. 587; Ross v. St. Ry. Co., 132 Mo. App. 472; Hovey & Brown v. Aaron, 133 Mo. App. 573; Mining Co. v. Fidelity Co., 161 Mo. App. 185; Spillane v. Railroad, 111 Mo. 555; Baker v. Railroad, 122 Mo. 533; Morton v. Heidorn, 135 Mo. 608.

*Calvin & Rea* for respondents.

(1)  Instruction 7 is a correct declaration of the law under the issues joined by the pleadings and under the testimony adduced.  It properly submitted to the jury the two, and the only, questions left for their determination.  Sayre v. Princeton University, 192 Mo. 120; Winn v. Grier, 217 Mo. 453; Cach v. Lusk, 142 Mo. 630; Sayre v. Lindeman, 153 Mo. 288; Cutler v. Zolinger, 172 Mo. 92. (2) There was no error committed by the court in permitting the witness, Westall, to detail the facts which he gave in testimony, even though his wife was a party defendant in the action.  Denning v. Butcher, 59 N. W. (Iowa) 69; Shanklin v. McCracken, 140 Mo. 348; Loder v. Whelpley, 111 N. Y. 239.

RAILEY, C.—This action was commenced in the circuit court of Jackson County, Missouri, on January 30, 1909, to contest the last will and testament of Mrs. Nona Ferguson, a widow, who died in said county on January 6, 1909, possessed of real and personal property located in said county.  She left no lineal descendants at the time of her death.  It is charged in the petition that no surviving kindred of Mrs. Ferguson, of any degree, are known to plaintiffs; that the latter are the only persons having any interest as heirs or devisees in Mrs. Ferguson's estate; that they claim their respective interests under a will made by said testator

in 1905, and that the defendants herein are the only other persons known to plaintiffs who claim any interest in said estate.

It appears from the record that Mrs. Ferguson, on December 14, 1908, executed an instrument purporting to be her last will and testament. Defendant J. H. Martin, one of the legatees, is named as executor of said will. The principal legatee named therein is defendant Lou Westall—wife of Frank Westall—who is given the real estate and the bulk of testator's property.

Appellants charge in petition, and at the trial attempted to show, that the will aforesaid was procured through undue influence exercised by defendants over the mind of testator; and that the latter was mentally incompetent to make a will, etc.

The abstract of record contains the following:

"Defendants to sustain the issues upon their part further offered and introduced the testimony of James Cole and James H. Hawthorne, witnesses to the execution of said paper writing, Dr. Franklin E. Murphy, Dr. George C. Mosher, Mrs. Allen H. Draper, Allen H. Draper, James H. Martin, I. Schwartz, Sophie Johnson and Lou Westall, who, among other things, testified that in their opinion Nona Ferguson was sane, and related incidents of her conduct which defendants claimed tended to show that said Nona Ferguson was sane.

"Plaintiffs in order to sustain the issues upon their part offered and introduced the testimony of Mrs. Dora Webster, Dennis J. Stroub, Anna O. Stroub, Mrs. J. A. King, Dr. H. P. Hueyette, Mrs. Minnie M. Lord, Dr. James E. Trexler, Mrs. Hattie Shepherd and Regina Stroub, who testified that in their opinion Nona Ferguson was insane at the time said paper writing was executed, and related incidents of her conduct which the plaintiffs claimed tended to show that Nona Ferguson was insane."

The trial court gave to the jury instructions pur-
porting to cover the two grounds of contest supra, and
hence we infer that there was evidence tending to show
want of mental capacity upon the part of testator to
make a will, as well as undue influence brought to bear
upon the mind of testator which induced the making
of same. The instructions given in the trial below will
be considered hereafter.

The jury returned a verdict for defendants, ·sus-
taining the will, on June 20, 1912, and judgment was
entered on said verdict in due form.

Plaintiffs filed motions for new trial and in arrest
of judgment. Both motions were overruled and the
cause duly appealed to this court.

I. Mrs. Lou Westall was one of the principal bene-
ficiaries in Mrs. Nona Ferguson's alleged will. Her
husband, H. F. Westall, over the objection of plain-
tiffs, was permitted to testify in behalf of the defend-
ants, other than his wife, as to the *sanity*
Husband as of testator. ·Appellants contend that said
Witness. witness was incompetent to testify, and
assign as error the action of the trial court in permit-
ting him to do so.

We may say in passing, that if H. F. Westall was
a competent witness for *any* person, his testimony
would .inure to the benefit of his wife as well as the
other legatees in the will, for the *latter* must stand or
fall as a *whole*. [Schierbaum v. Schemme, 157 Mo. l. c.
17 and following; Wood v. Carpenter, 166 Mo. l. c. 485;
King v. Gilson, 191 Mo. l. c. 333; Meier v. Buchter, 197
Mo. l. c. 92; Seibert v. Hatcher, 205 Mo. l. c. 101-2;
Teckenbrock v. McLaughlin, 209 Mo. l. c. 541-2.]

Mr. Westall is not a beneficiary in the will, nor is
he a party to this action. If the will is sustained, the
property acquired thereunder by his wife would become
at once her *separate* estate, and both the real and per-
sonal property bequeathed to her could be sold, or

encumbered by her without any reference to her husband.

It does not appear from the record that Mrs. Westall was present at any of the times referred to by her husband when he observed the acts and conduct of testator. He was not asked to state any *conversation* he had with testator, or any other person. He was simply called upon to express his *opinion* as a non-professional witness, based upon what he observed while in the presence of testator. We find nothing in our statutes, nor in the provisions of the common law construed in connection with the statutes, which would preclude Mr. Westall from testifying *as he did,* in behalf of all the defendants to this action.

The conclusion just reached is strongly supported by the following authorities in this State, and elsewhere: Lead & Zinc Inv. Co. v. Lead Co., 251 Mo. 1. c. 741; Brown v. Patterson, 224 Mo. 1. c. 651-2; Weiermueller v. Scullin, 203 Mo. 1. c. 469 and following; Lynn v. Hockaday, 162 Mo. 1. c. 121 and following; Shanklin v. McCracken, 140 Mo. 1. c. 356 and following; Banking House v. Rood, 132 Mo. 1. c. 258 and following; The First Nat. Bank of St. Charles v. Payne, 111 Mo. 297 and following; Bates v. Forcht, 89 Mo. 1. c. 126 and following; German-American Bank v. Camery, 176 S. W. 1. c. 1077; Denning v. Butcher, 91 Iowa, 432-3 and following; Kostelecky v. Scherhart, 99 Iowa, 1. c. 124-5.

The Missouri authorities supra review the common law and our statutes in reference to the matter under consideration here, and in our opinion sustain the right of H. F. Westall to testify as he did in the trial below. Appellants contention, therefore, that Mr. Westall was an incompetent witness, is overruled.

II.   Plaintiffs assign as error the action of the trial court in giving, at the instance of defendants, instruction numbered seven, which reads as follows:

"The jury are further instructed that if you find and believe from the evidence that at the time of the making of the paper writing propounded herein as the. **Defenses Stated in Alternative.** will of Nona Ferguson, that she, the said Nona Ferguson, was not of unsound mind and incapable of making a will, or that the said paper writing was not procured to be made and executed by undue influence, exercised with or upon her by the defendants herein, then you must find that said paper writing is the will of the said Nona Ferguson."

It is charged in the petition, and plaintiffs' evidence tends to show, that Mrs. Nona Ferguson was mentally incapable of making a will and that she was unduly influenced to execute the instrument offered as her last will and testament. This instruction is complete within itself, and authorized the jury to return a verdict sustaining the will, if they believed testator was mentally capacitated to make one, although the jury might believe from the evidence that she had been unduly influenced by defendants to do so. On the other hand, it authorized the jury to sustain the will, if testator was *not unduly influenced* by defendants to execute it, although they might have believed from the evidence, that she was *mentally incapacitated* to make a will. On the facts presented by the record, the jury should have been told in *substance*, that if testator was mentally capable of making a will, *and* that the instrument offered and read in evidence, as Mrs. Ferguson's last will and testament, was not procured through the undue influence of said defendants or either of them, then the jury should return a verdict sustaining said will.

The above instruction is palpably erroneous, and the giving of same necessitates the reversal of the cause.

III. Complaint is made of defendants' instruction numbered nine, which reads as follows:

"The jury are further instructed that should you find and believe from the evidence that, prior to or at the time of the making of the paper writing in evidence before you, the mind of the said Nona Ferguson was

**Monomania.** unsound or impaired in one or more particulars, yet practically sound and unimpaired in all others, if you so find, still you will not be warranted or justified in finding that by reason of such unsoundness, if any, or impaired condition, if any, she was thereby mentally incapacitated from making a will, but before you can find that said paper writing is not the will of the said Nona Ferguson, you must find and believe from the evidence that by reason of the unsound or impaired condition of her mind (if in fact you find such condition or conditions did exist), she was thereby rendered unable to transact her ordinary business and was thereby rendered incapable of understanding the nature and extent of her property and of appreciating the natural objects of her bounty."

This instruction informed the jury that if Mrs. Ferguson's mind was "unsound" in "one or more particulars," yet sound in all others, the jury would not be justified in finding, that by reason of *such* unsoundness, she was mentally incapacitated from making a will. In other words, if the jury believed she was unable to transact her *ordinary business* and *was incapable of understanding the nature and extent of her property* (both of which might have been included in the *one or more particulars* above mentioned), yet the jury would not be warranted in finding from the above, that testator was incapable of making a will. But this is not the only objection to said instruction. It concludes as follows:

"But before you can find that said paper writing is not the will of the said Nona Ferguson, you *must find . . . that by reason of the unsound . . . condition of her mind . . . [a] she was thereby rendered unable to transact her ordinary business, and*

[b] *was thereby rendered incapable of understanding the nature and extent of her property and* [c] *of appreciating the natural objects of her bounty."*

If testator, at the time of the execution of the will, had possessed the qualifications negatived in paragraphs a, b, and c, supra, she would have been competent to make a will under the laws of this State. The instruction, however, as it reads, imposed upon plaintiffs the burden of showing that testator was deficient in respect to all the matters referred to in sub-propositions *a, b* and *c* when the jury might have concluded from the evidenc that Mrs. Ferguson was incompetent to transact her ordinary business, *and* was incapable of understanding the nature and extent of her property. If testator was mentally incompetent to transact her ordinary business *and* was *incapable* of understanding the nature and extent of her property, she was not qualified under the law to make a will, *although* she might have appreciated the natural objects of her bounty, as stated in said instruction.

The above charge is not only misleading, but does not properly declare the law and should not have been given in its present form.

IV. On account of the errors heretofore pointed out, the cause is reversed and remanded, in order that it may be proceeded with in conformity to the views here expressed.

*Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. *Graves, P. J.,* and *Woodson, J.,* concur; *Blair, J.,* concurs in paragraphs 2 and 3 and in the result; *Bond, J.,* concurs in paragraphs 1 and 2 and result.