EDWARD A. BOGUE, Plaintiff in Error, *v.* ABRAHAM MELICK, Defendant in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

When a name on the back of a note occupies the position of a second indorser, it is necessary, if a different liability is sought to be imposed, to show, by extrane-ous proof, that the party so signing, did in fact become a party to the note in a different capacity.

The position of the names on the back of a promissory note, is notice to the purchaser of their rights and liabilities.

THIS was an action of assumpsit by plaintiff in error against defendant in error, on a promissory note.

The fourth count of the declaration is upon an alleged guar-anty by the defendant, of a promissory note, and is as follows:

For that whereas, also, the said Folsom Dorsett, William Dorsett and Rudolph Dorsett, heretofore, to wit, on the twenty-ninth day of September, in the year of our Lord one thousand eight hundred and fifty-seven, at Chicago, to wit, at said county of Cook, made their certain other promissory note in writing, bearing date the day and year last aforesaid, and then and there delivered the same to the said Folsom Dorsett, in and by which said note said Folsom Dorsett, William Dorsett and Rudolph

Dorsett, by the name, style and description of Dorsett, Bro. & Co., promised to pay to the order of the said Folsom Dorsett, thirty days after the date thereof, the sum of two hundred and sixty-five dollars and sixty-five cents, with interest at ten per cent. after due for value received. And the said Folsom Dorsett then and there indorsed and delivered the said promissory note to the said plaintiff; and before the delivery of the said note by the said Folsom Dorsett to the said plaintiff, and *before the said note was issued or put into circulation by the said Folsom Dorsett, William Dorsett and Rudolph Dorsett,* the said defendant, in consideration that the said plaintiff would accept and receive said note of and from the said Folsom Dorsett for value, guaranteed in writing, upon the back of said note, the payment thereof at maturity, and then and there undertook and promised the plaintiff to pay him the same according to the tenor and effect thereof. By reason whereof, etc.

The declaration also contains the common money counts.

Plea, general issue.

A jury was waived, and the cause submitted to the court, VAN H. HIGGINS, Judge, presiding, for trial.

The only evidence offered by the plaintiff was as follows:

A note, of which the following is a copy, was given in evidence:

$265.61-100.                                    *Chicago, Sept.* 29, 1857.

Thirty days after date, for value received, we promise to pay to Folsom Dorsett, or order, the sum of Two Hundred Sixty-five 61-100 Dollars, with interest 10 per cent. after due.                    DORSETT, BRO. & CO.

Indorsed:

FOLSOM DORSETT.
AB'M MELICK.

The defendant admitted the genuineness of his signature upon the back of the above note.

*Jason L. Lee* was called as a witness on the part of the plaintiff. The above note was shown to him, and he testified as follows:

I have seen this note before. I saw it the day it is dated, 29th September, 1857. It was in my possession at that time. Folsom Dorsett wanted an extension of a prior debt of his paper. He said he could get another name. I remarked, if he could get another name that was satisfactory, it could be done. He mentioned the name of Mr. Melick. I drew up the note, and he went and got it signed. Folsom Dorsett, William Dorsett and Rudolph Dorsett composed the firm of Dorsett, Bro. & Co.

Upon cross-examination, the said Jason L. Lee testified as follows:

It was a renewal of an old note. Folsom Dorsett told me the names of the firm. He did not tell me that it was F. Dorsett, Jr., who was the member of the firm. I had the note in my possession three or four months after it became due. I called on Mr. Melick several times, and did not find him in. No communications passed between Mr. Melick and myself. Dorsett, Bro. & Co. kept a grocery on State street. Folsom Dorsett had an office on La Salle street. He had a real estate sign out, I believe. Perhaps I had the note until in the spring, in February or March.

The foregoing was all the testimony offered by the plaintiff, and thereupon the court found the issues for the defendant, and the plaintiff moved for a new trial, which was overruled, and judgment entered for the defendant.

The errors assigned are as follows: The court erred in finding the issues for the defendant; in overruling the motion for a new trial; and in rendering judgment for the defendant.

C. HITCHCOCK, for Plaintiff in Error.

BARKER & TULEY, for Defendant in Error.

CATON, C. J. The defendant was sued as guarantor of this note, and unless he put his name on the back of it for that purpose, the judgment in his favor was right, for it is not insisted that the action can be maintained against him as indorser. The position which his name occupies is that of second indorser, and in order to impose a different liability upon him, it is necessary to show by extraneous proof that he did in fact become a party to the note in a different capacity. This is attempted to be done by showing that he put his name upon the note in its inception, and before it was put in circulation, and hence for the purpose of adding to the security of the note as an original party. Ordinarily such a presumption would arise from the fact proved, but that presumption is again rebutted by other facts also established by the same witness. Here the payee of the note is also one of the makers. It was impossible, therefore, that the defendant put his name upon the note for the security of the payee, which is indispensable in order to create a suretyship. All the parties knew that the note, while in the hands of the payee, was a mere nullity,—without vitality,—creating no right or liability whatever. It could never become an operative instrument, except by the indorsement of the payee. He would then become the first indorser, and his name would precede that

of the present defendant. This shows beyond all question that the defendant, by putting his name on the note, intended to assume the responsibility of second indorser, and not of guarantor, so that the payee, being necessarily the first indorser, would be responsible to him, in case he had to pay the note, instead of his being obliged to answer to the payee, in case of the failure of the makers. Such were the legal rights and liabilities of the parties, as shown by the proof, and such is their legal position on the paper, which was notice to the plaintiff, when he took the paper, of the extent of those rights and liabilities.

The judgment must be affirmed.

*Judgment affirmed.*