WILLIAM C. RICKEY *et al.*, Plaintiffs in Error, v. LOGAN D. DAMERON, Defendant in Error

1. *Bill and notes — Indorsers and joint makers distinguished.* — A. drew a bill of exchange upon B., requesting B. to pay to A. (the drawer), or order, the amount of the bill. A. subsequently indorsed it, and, to secure negotiation of the bill, induced C. to add his signature on the back of the bill after A.'s own indorsement. B. subsequently honored the bill, and afterward brought suit against C. for the amount of the bill, as for money paid out at C.'s request. *Held*, that C. was not a joint maker. The bill was payable to the order of the drawer, and the drawer first indorsed it, and then it was indorsed by C., and not till then. He was palpably an indorsee as well as an indorser, and could not be charged in such an action.

*Error to St. Louis Circuit Court.*

*Sharp & Broadhead*, for plaintiffs in error.

I. The bill was drawn by both Dameron Brothers and Logan D. Dameron, on the plaintiffs, when both parties knew that plaintiffs had no funds belonging to either of them in their hands.

II. The draft was not indorsed by the defendant in the ordinary course of mercantile dealing, and he is not an indorser in the strict sense of the law merchant.

III. When the drawee of a bill of exchange accepts the bill, the presumption is that he has funds of the drawer in his hands. But this presumption may be rebutted; the drawee may show that he accepted and paid the bill for the accommodation of the drawer (19 Barb. 409); and then the law will imply an undertaking on the part of the drawer to indemnify the acceptor, who, on such implied obligation, may have his action against the drawer. And if one of several drawers joins as principal, and the others as sureties, there is an implied obligation on the part of the drawer to indemnify him, and he may have his action against them all as for money paid to their use. (Dickerson v. Turner, 15 Ind. 4.) This is not upon the ground that one drawer is security for the other, but that both have joined in the request that the acceptor should accept and pay. And it is well settled that the acceptor of a bill who accepted and has paid it at the request of and for the accommodation of another person, can maintain an action against such other person for money paid to his use, at his request; and this is so, whether the person accommodated is a party to the bill or not. One paying money for another, pursuant to his request or direction, is entitled to have it refunded. (Wright v. Garlinghouse, 26 N. Y. 541.) In the case before the court both parties knew that they had no funds in the hands of the acceptor They both put their names upon the paper — one on the face of it, the other on the back of it. The defendant put his name on the back of the paper, not as indorser in the technical sense of the term, for he sold it to no one, and passed it to no one. Dameron Brothers still held the paper, and afterward negotiated it. When a party writes his name on the

back of a promissory note, of which he is neither payee nor indorsee, he is liable as a maker. (Baker v. Block, 30 Mo. 225.) The plaintiffs in this case having accepted and paid for the accommodation of both parties, they are both liable. (2 Edw. Bills, 533 ; Baker v. Martin, 3 Barb. 634.)

*Ewing & Holliday*, for defendant in error.

I. Successive accommodation indorsers are responsible only in the order of their indorsement, unless there is an agreement between them to stand as co-sureties. (McNeilly v. Patchin, 23 Mo. 40.) If the averments in the petition are true, the plaintiffs and defendant both appeared on the bill as accommodation parties, without any agreement between them. The plaintiffs, being acceptors, are liable before the indorsers.

II. Where a person indorses a note in blank, not being payee, and indorses before the payee, he is held a joint promisor with the maker. (Powell v. Thomas, 7 Mo. 440 ; Lewis v. Harvey, 18 Mo. 74.) But where the payee of a negotiable note indorses the same for the accommodation of the maker, before delivery, although a surety for the maker, he is surety as indorser only, and not as a joint maker, and is entitled to all the rights of an indorser of negotiable paper as to demand and notice. (Deitz v. Corwin, 35 Mo. 376.)

III. The defendant, being an accommodation indorser, was entitled to demand and notice, and is only liable on the protested bill. The bill never was protested ; he is not liable. (Dietz v. Corwin, *supra;* Merchants' Bank v. Easley, 44 Mo. 286 ; Baker v. Martin, 3 Barb. 634.)

IV. An accommodation acceptor is liable to an accommodation payee or indorser. (Weir v. Cox, 7 Martin, La., 368.) This case is exactly like the one at bar, except the parties seeking to recover are reversed. The accommodation indorser had to take up the bill, and he sued and recovered from the acceptor.

V. Sureties for the drawers, who sign as drawers, are not liable to the accommodation acceptors. (Griffith v. Reed, 21 Wend. 502 ; Suydam v. Westfall, 2 Denio, 205 ; Wright v. Garlinghouse, 26 N. Y. 539 ; Dickerson v. Turner, 15 Ind. 4.)

· VI. An indorser may be liable to the acceptor, but it can only be on a special agreement, which must be alleged. For the method of alleging it, see Thompson v. Clubley, 1 M. & W. 212 ; see also Sparrow v. Chisman, 9 Barn. & C. 241.

CURRIER, Judge, delivered the opinion of the court.

A demurrer to the petition having been sustained, the plaintiffs bring the cause into this court by writ of error.

It appears from the petition that the commercial firm of Dameron Brothers drew their draft or bill of exchange upon the plaintiffs, whereby the plaintiffs were requested to pay to the order and charge to the account of the firm the sum of $2,000. Before the bill was put in circulation, the drawers, to whose order it was payable, indorsed it, and also, in order to give it additional credit ·and currency, procured its indorsement by the defendant. Prior to its acceptance the drawers had it discounted at the Exchange Bank of St. Louis, the bill not having previously passed from their possession. Subsequently the drawees (the plaintiffs) accepted and paid the bill, and, as they claim, at the request and for the accommodation of Dameron Brothers and the defendant. This claim is based upon the facts already detailed, and upon the additional fact alleged in the petition, that the defendant indorsed the bill knowing at the time that the drawers had neither funds nor credits of his, or of the drawers, in their hands with which to meet it.

The counsel for the plaintiff seem to base their case upon the theory that the defendant, under the circumstances, is to be held and treated as a joint drawer of the bill, and not merely as a technical indorser. His position is compared to that of a party who writes his name on the back of a promissory note, where he is neither the payee nor an indorsee. Authorities are cited to prove that in such a case the party so writing his name upon the back of the note is liable, *prima facie*, as a joint maker. (Lewis v. Harvey, 18 Mo. 74 ; Baker v. Block, 30 Mo. 225.) There is no doubt of the soundness of the principle invoked, but it is of no service here. It applies to a different state of facts, namely, when the party so writing his name upon the paper is

neither the payee nor an indorsee. That is not this case. The defendant was an indorsee. The bill was payable to the order of the drawers, and the drawers first indorsed it, and then it was indorsed by the defendant, and not till then. He was palpably an indorsee as well as an indorser, and none the less so because he indorsed it for the accommodation of the drawers to enable them to use the paper and raise money upon it. His contract was with the holder for value, that the bill should be accepted and paid.

It is not doubted that the drawees might have accepted and paid the bill at the request and for the accommodation of the defendant or indorser, and so as to have given them a right of action against him for the amount paid. The defendant not being a joint drawer, the difficulty is that the petition fails to show that the drawees accepted and paid at his request, or in consequence of any special arrangement or understanding between them and him. The suit is not upon the bill, but is for money paid at the defendant's request, and there is no request shown. The plaintiffs seek to get over this difficulty by treating the defendant as a joint drawer, and as having requested the plaintiffs to accept and pay in the act of drawing. But, as has already been shown, he did not join in drawing it, nor is he to be treated as having done so. That was not his position on the paper, and no one connected with the transaction could have regarded his relation to it as being anything other than that of a simple indorsee and indorser. The request of the bill was that the drawers should accept and pay it, and charge the amount to Dameron Brothers alone, and not to them jointly with the defendant.

The petition shows no cause of action, and the judgment must be affirmed. The other judges concur.