## HENRY KAYSER

*v.*

## WILLIAM H. HALL, Admr.

1. INDORSEMENT—*whether as guarantor or as indorser.* Where a promissory note, made payable to the maker, is indorsed by him, and another person indorses his name just below the first, and the note is then negotiated, the person last indorsing will assume the liability of second indorser, and not that of guarantor.

2. PROMISSORY NOTE—*payable to maker.* A promissory note payable to the order of the maker has no validity until it is indorsed and transferred by him.

3. ASSIGNMENT—*liability of assignor.* The assignor of a promissory note is not liable to the holder, where the latter does not attempt to collect the same of the maker by suit at the first term of court after its maturity, or show the maker's insolvency.

4. JUDGMENT—*relief against, when entered by clerk without an adjudication.* Where a judgment is entered by the clerk of a court under a misapprehension, and without any adjudication or authority from the court, it, in equity at least, is a nullity.

5. SAME—*setting aside without notice.* Although a judgment may be entered by the clerk in a party's favor without any authority from the court, it is irregular to set the same aside without notice to the plaintiff; but if this is done in the county court, and the demand is again presented, and the record relied on, the court, in the exercise of its equitable powers, may totally disregard it, and enter such a judgment as the equity of the case requires.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. JOSEPH GILLESPIE, for the appellant.

Messrs. KROME & HADLEY, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appeal was prosecuted to the circuit court of Madison county, from a judgment of the county court of that county, disallowing a claim in favor of appellant against the estate

of John G. Smith, deceased. On trial being had in the circuit court, that court gave judgment, affirming the judgment of the county court, and to reverse this judgment the present appeal is prosecuted.

Appellant's claim is based upon a promissory note, and the indorsement thereof, in the words following:

"$5000. *March* 28, 1871.

"One year after date, I promise to pay to the order of myself five thousand dollars, for value received, negotiable and payable without defalcation or discount, and with interest from maturity, at the rate of ten per cent per annum.

"No. —. "F. W. SMITH."

Indorsed: "Interest paid to March 28, 1874. Waiving demand, protest and notice thereof.

"F. W. SMITH.

"JOHN G. SMITH."

Appellant proved, by the evidence of F. W. Smith, the maker of the note, that the signatures indorsed were those of himself and father; that they were indorsed at the time the note was drawn, the words, "waiving demand, protest and notice," being indorsed before their signatures; that he believed the credit was given by appellant to his father; that he himself had no property at the time, and appellant loaned him $5000 in money, at ten per cent interest, upon the name of his father. The evidence was received by the court, subject to objection to be thereafter considered, and no announcement was subsequently made in regard to the ruling of the court as to the admissibility of the evidence.

As the case was tried, by agreement of parties, by the court, without the intervention of a jury, we deem it necessary only to inquire whether the relation of the deceased, John G. Smith, to the note is, under the evidence, to be held as that of guarantor, or of indorser merely. If it shall be held to be the former, the judgment must be reversed; if the latter, it must be affirmed.

We think the ruling in *Bogue* v. *Melick*, 25 Ill. 91, and

*Blatchford* v. *Milliken,* 35 id. 434, applicable, and conclusive of the question.

The note being payable to the maker, it could have no validity until indorsed and transferred by him. He, when this was done, became the first indorser, and John G. Smith was the second indorser. It was said in the case last above cited: "Inasmuch as the note can never have any validity until the name of the payee appears upon it as an indorser, the person writing his name in blank upon the note understands that, when the note takes effect, his name will appear upon it as a second indorser, and it is reasonable to conclude that such was the position which he intended to occupy. * * All persons receiving a note thus payable and so indorsed are apprised of the apparent obligations of the indorsers; and if they rely upon any other obligation, it is their duty to ascertain whether it exists."

It is true, we must suppose that the waiver of "demand, protest and notice thereof," was intended to relieve the assignee from some duty which it was thought he would otherwise have been under, to fix the liability of the indorser; but it would seem quite evident they were used in ignorance of our statute, and under the impression that the law here, as in England and some of our sister States, required proof of demand, protest and notice thereof, to fix the liability of the indorser. They do not, however, profess to relieve the assignee from bringing suit and prosecuting the maker to insolvency, as required by our statute, to fix the liability of an indorser,—and courts of law can only enforce the undertakings of parties as they are written.

There is nothing in the circumstances proved sufficient to authorize the conclusion that John G. Smith intended to assume any other liability than that of second indorser.

There was no attempt to prove the bringing of suit at the first term of court after the maturity of the note, against the maker, or to establish the maker's insolvency at that time, as an excuse for not suing.

Another objection urged upon our attention is, that appellant's claim was filed in the county court, and judgment thereon was given in favor of appellant, but, subsequently and without notice to appellant, this judgment was set aside.

The evidence shows that this entry of the judgment in favor of appellant was made by the clerk, under a misapprehension and without any authority from the court, and that, at that time, no adjudication had, in fact, been had upon the claim.

It was, undoubtedly, irregular to make any order affecting appellant, without notice to him; but such a judgment, in equity at least, was a nullity, and, in the subsequent adjudication in regard to the claim, it was competent for the county court, in the exercise of its equitable powers, when the record of this judgment was relied on, to totally disregard it, and enter such a final order, or judgment, as the equity of the case required.

Believing there is no substantial error in the record, the judgment is affirmed.

*Judgment affirmed.*