No. 5622.

## W. H. WILLIAMS ET AL. *v.* MERCHANTS NATIONAL BANK OF KANSAS CITY.

1. PROMISSORY NOTE—INDORSERS.— When according to the terms of a promissory note, payable to the order of the maker thereof, and which was indorsed by the payee and by other names which appeared after his on the note, a licensed attorney was authorized to appear and confess judgment against the maker in case of non payment, and be entitled to ten per cent additional as attorney fees for so doing, *held:*

The legal presumption is that no authority was given to confess judgment against any one but the maker—that the indorsers did not sign before delivery. Their names appearing after the payee, it must be presumed that the indorsers signed after the payee had indorsed, and parol evidence can not be admitted to vary the plain terms of such a contract to subject others not named to so extraordinary a remedy.

2. CASES FOLLOWED.—Rickey v. Dameron, 48 Missouri, 61; Clapp v. Rice, 13 Gray, 403, and Blatchford v. Milliken, 35 Illinois, 434, followed.

3. INDORSERS.—Though the indorser, by his indorsement, in effect agreed that the principal of the debt, with interest and attorney's fees should be paid according to the terms of the note, yet this was subject to the indorser's right to notice of protest for non payment, or that suit should be brought within the prescribed time. To hold otherwise would be to ignore the provisions of the statute for the protection of indorsers.

APPEAL from Cooke. Tried below before the Hon. F. E. Piner.

*Davis & Garnett,* for appellants: On their proposition that the note sued on did not authorize the confession of judgment against defendants Stone, Hall, Barefoot and Washington, the indorsers, cited Heidenheimer v. Blumenkron, 56 Texas, 308.

(They also filed a written argument on propositions relating chiefly to their motion for new trial, not important in view of the opinion.)

*Potter & Hughes,* for appellee, cited Little v. Crittenden, 10

Texas, 192; Grubbs v. Blum, 62 Texas, 426; 63 Texas, 5; Gar-
ner v. Burleson, 26 Texas, 349; Storey v. Nichols, 22 Texas, 90;
Gerald v. Burthee, 29 Texas, 203; Flanagan v. Bruner, 10 Texas,
257; Ludiker v. Ratto & Co., Willson's Civil Cases, 116; compare
Article 1241 and 1347 with Article 490, Oldham & White's Digest;
Burnley v. Cook, 13 Texas, 586; Campbell v. Wilson, 6 Texas,
379; Womack v. Shelton, 31 Texas, 592; Garner v. Burleson, 26
Texas, 349.

WILLIE, CHIEF JUSTICE.   This suit was brought upon the fol-
lowing instrument in writing:

"GAINESVILLE, TEXAS, Sept. 1, 1883.
"Nine months after date I promise to pay to the order of my-
self, Twelve Thousand five hundred dollars, For value received,
payable at the office of Gainesville National Bank, Gainesville,
Texas, with interest from maturity until paid at the rate of 12
per cent per annum.   In case of non-payment of the above
note at maturity, I hereby authorize any licensed attorney at
law to appear for me in court and to accept service, waive pro-
cess and confess judgment in favor of the legal holder of said
note against me for the amount of said note and interest with
ten per cent attorney's fees additional."

This note was signed by W. H. Williams, and endorsed "W.
H. Williams, H. E. Washington, John H. Stone, G. W. Barefoot,
T. J. Hall." It was further indorsed: "Pay Gainesville Nat'l
Bank or order for collection account of Merchants National Bank,
Kansas City, Mo.  O. P. Dickinson, Cashier."

The suit was filed April 20, 1885, by the appellee, against the
maker and all the endorsers of the note, and on the same day an
attorney at law, E. A. Blanton, appeared for the defendants
under the authority supposed to have been given in the note,
accepted service, waived process and confessed judgment against
all the defendants for the full amount then due upon said note
and ten per cent attorney's fees additional, and judgment was
rendered accordingly.  A motion for a new trial made by the
defendants was overruled, and they have brought the case by
appeal to this court.

Upon the face of the note no power is given to confess judg-
ment against any one except the maker.  We need not inquire
as to whether this power would embrace others who signed the

note before delivery, for the legal presumption is that the present indorsers did not so sign. Their names appear after that of the payee, and the presumption of law is that they placed them there after the payee had indorsed, and that the note passed from the payee successively through the hands of the subsequent indorsers till it reached the holder. (Rickey v. Dameron, 48 Mo., 61; Roberts v. Masters, 40 Ind., 463; Clapp v. Rice, 13 Gray, 403; 1 Daniel on Neg. Ins., 711, et seq.; Blatchford v. Milliken, 35 Ill., 434.)

It is true that the petition alleged that these parties signed their names before delivery; but such not being the presumption of law, parol proof was required to prove it. Such proof is not admissible in a proceeding like this to establish anything outside of what appears upon the instrument itself. The authority to confess extends only so far as to allow judgment according to the tenor and legal effect of the note, and the plaintiff can not vary its obligation or make parties liable to the summary judgment he is taking, who according to the terms of the note itself, 'have not authorized him to take such judgment. This court held in Heidenheimer v. Blumenkron, 56 Texas, 503, that parol evidence was inadmissible to show that parties who had indorsed a note under like circumstances with the present were responsible as original promissors. This is a case where all parties were in court, and had appeared in the case; much less can this be done where the parties thus sought to be charged have had no notice of the action, and no opportunity to combat any such proof that might be offered against them. If this evidence was inadmissible no failure of the parties defendant to appear in defense of the suit would raise a presumption that it had been introduced in support of the allegation in the petition.

Moreover, this court has held, in effect, that proof that such indorsers signed before the delivery of the note, would not, in a case where their names appear as do these upon its back, make them anything else but ordinary indorsers, with all the rights and privileges belonging to that position. (Heidenheimer v. Blumenkron, supra.)

Treating these parties as ordinary indorsers, it is very clear that they have not authorized a confession of judgment against themselves. The language of the form comprises the waiver and confession to the maker, and, as we have seen, it must be strictly construed in a summary proceeding like the present. The indorser undertakes that the maker shall perform any engagement

contained in the note. He contracts that the maker shall pay principal, interest and attorney's fees, at the time and place stated in the note. But this agreement is coupled with the condition that the note shall be protested and notice given him, or that suit shall be brought against the maker within a prescribed time. The law dispenses with these conditions under certain circumstances, none of which are shown to exist in the present case; and the indorser may waive them, but he must do so expressly, and they can not be waived for him by the maker. His obligation is that the maker shall perform the contract evidenced by the note. He gives his indorsee no right to take a judgment against him by confession by merely becoming responsible for the default of another, who has authorized a summary proceeding and judgment against himself. To hold this would be to hold the indorser bound in the same manner as if he were a signer of the note, whereas we have seen that his rights and obligations are different from that of the maker in every important respect.

We think the court erred in allowing judgment to be rendered against the parties who indorsed subsequently to the maker, and this necessarily reverses the judgment as to all the defendants. As to the assignment of error that "the court erred in overruling defendants' motion to set aside the judgment by confession herein," it is not in compliance with the rule, the motion being based upon six different grounds, each of which involves a question different from the other. The other points made in the appellants' brief are not likely to arise upon another trial, as the cause will doubtless be tried after actual service made upon the defendants.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered April 12, 1887.