5 O St 607
LRA 788

The Chicago Trust and Savings Bank

*v.*

John G. Nordgren.

*Filed at Ottawa October 11, 1895.*

1. Bills and notes—*endorsement by stranger before delivery—liability.* One who, before delivery, writes his name on the back of a promissory note made payable to the maker's own order, and below the name of the maker endorsed on the back thereof, is liable upon the note as second endorser, and not as guarantor.

2. Same—*what is a note "made payable to bearer," within the statute.* Such a note is not a note "made payable to bearer," within the meaning of section 8 of the chapter on negotiable instruments, (Rev. Stat. 1874, p. 719,) providing that every endorser of an instrument payable to bearer shall be held as guarantor, unless otherwise expressed.

*Chicago Trust, etc. Bank* v. *Nordgren,* 57 Ill. App. 346, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Nathaniel C. Sears, Judge, presiding.

Ashcraft, Gordon & Cox, for appellant:

The note sued upon in this case was a note payable to bearer, and appellee was a guarantor. Starr & Curtis' Stat. chap. 98, sec. 8; *Smalley* v. *White,* 44 Me. 442; *Commonwealth* v. *Dullinger,* 118 Mass. 439; *Commonwealth* v. *Butterick,* 100 id. 12; *United States* v. *White,* 2 Hill, 154; *Muldrom* v. *Caldwell,* 7 Mo. 563; *Plets* v. *Johnson,* 3 Hill, 114; Tiedeman on Com. Paper, sec. 20; *Miller* v. *Weeks,* 22 Pa. St. 9; *Hall* v. *Shorter,* 46 Ala. 453; *Woods* v. *Ridley,* 11 Humph. 194; *Rice* v.

*Hogan,* 8 Dana, 134; *Lake* v. *Stetson,* 13 Gray, 310; *Bigelow* v. *Colton,* 13 id. 309; *Brown* v. *DeWinton,* 17 L. J. C. P. (60 E. C. L.) 380; *Gay* v. *Landor,* 17 id. 287; *Wood* v. *Mytton,* 10 Q. B. 805; *Bishop* v. *Rowe,* 71 Me. 263; *Childs* v. *Davidson,* 38 Ill. 437; *Main* v. *Hilton,* 54 Cal. 110; *Hall* v. *Burton,* 29 Ill. 321; *Wilder* v. *De Wolf,* 24 id. 190.

Appellee was a guarantor of the note, and not a second indorser, and the court erred in holding the indorsement could not be explained. *Webster* v. *Cobb,* 17 Ill. 459; *White* v. *Weaver,* 41 id. 409; *Boynton* v. *Pierce,* 79 id. 145; *Lincoln* v. *Hinzey,* 51 id. 435; *Carroll* v. *Weld,* 13 id. 682; *Klein* v. *Currier,* 14 id. 237; *Worden* v. *Salter,* 90 id. 160; *Gridley* v. *Capen,* 72 id. 11; *Stowell* v. *Raymond,* 83 id. 120; *Donovan* v. *Griswold,* 37 Ill. App. 616; *Clark* v. *Morgan,* 13 id. 597; *Abbott* v. *Brown,* 30 id. 376, and 131 Ill. 108; *Miller* v. *Ridgley,* 22 Fed. Rep. 896; *Parkhurst* v. *Vail,* 73 Ill. 343; *Kingsland* v. *Koeppe,* 137 id. 344; *Glickauf* v. *Kaufmann,* 73 id. 378; *Cushman* v. *Dement,* 3 Scam. 497; *Camden* v. *McKoy,* 3 id. 437.

The form of the note does not make Nordgren's contract that of indorser, under the facts as proven. *Good* v. *Martin,* 95 U. S. 92; *Webster* v. *Cobb,* 17 Ill. 459; 2 Parsons on Notes and Bills, 1.

JOHN T. RICHARDS, for appellee:

The burden was on appellant to prove that the appellee's undertaking was that of guarantor. *Boynton* v. *Pierce,* 79 Ill. 145 ; *Dietrich* v. *Mitchell,* 43 id. 40 ; *Lennon* v. *Goodspeed,* 89 id. 438.

The court properly refused to consider parol testimony as to the nature of appellee's undertaking. *Allen* v. *Coffie,* 42 Ill. 293 ; *Johnson* v. *Glover,* 121 id. 283 ; *Dietrich* v. *Mitchell,* 43 id. 40 ; *Clayes* v. *White,* 65 id. 357; *Skelton* v. *Dustin,* 92 id. 49.

Appellee was not liable as guarantor. *Bogue* v. *Melick,* 25 Ill. 80 ; *Blatchford* v. *Milliken,* 35 id. 434; *Kayser* v. *Hall,* 85 id. 513 ; *Dubois* v. *Mason,* 127 Mass. 37.

The statute of 1874 has no application to any case where a note becomes payable to bearer by indorsement in blank.    Rev. Stat. chap. 98, sec. 8; *Garfield* v. *Berry,* 5 Ill. App. 355.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Plaintiff sued defendant in the Superior Court of Cook county on a promissory note for $2500.    A jury being waived, the court gave judgment against the plaintiff for costs, and the Appellate Court affirmed that judgment.

The count in the declaration upon which the right of recovery is based, alleges that one A. Friberg, on the ninth day of June, 1893, made his certain promissory note, thereby promising to pay to himself, sixty days after date, $2500, with interest at seven per cent per annum, and indorsed the same in writing, and ordered the sum of money specified to be paid to plaintiff or order, and delivered the note so indorsed to plaintiff; that before the delivery of said note to plaintiff, in consideration that plaintiff would accept and receive the said note of the said Friberg, and for a valuable consideration, the said defendant, by his indorsement in writing thereon, guaranteed the payment of the said sum of money in the note specified, and promised the plaintiff to pay it, according to the tenor and effect of the said note, if the said Friberg should fail to do so, etc.    The defendant pleaded *non assumpsit* and *non est factum,* both pleas being verified by his affidavit.

It appears from the evidence introduced upon the trial that A. Friberg executed the following note:

"CHICAGO, ILL., *June 9, 1893.*

"Sixty days after date I promise to pay to the order of myself, twenty-five hundred dollars, at South Side State Bank, Chicago, value received, with interest at seven per cent per annum.                    A. FRIBERG."

At the same time he indorsed it in blank, and defendant wrote his name below that indorsement. August Gernberg then sold it to the plaintiff. The transaction was briefly detailed by Gernberg in his testimony, as follows: "Nordgren never owned the note, and never had any connection with the making of it in any way, except to indorse his name on the back of it, as I understood. It was signed by Friberg and indorsed by Friberg, and then Nordgren put his name on it, and then it was delivered to me, and I sold it to Tolman on account of money to be advanced to the South Side State Bank. I told them if Nordgren put his name on it I could sell it and get the money on it from Tolman." Tolman was the president of plaintiff bank, for which he acted.

Plaintiff asked the trial court to hold, as propositions of law applicable to the case, that under the facts proved the defendant became liable upon the note in suit as guarantor, and also "that parol testimony is admissible to explain the indorsement upon the note in evidence, and to show that when defendant, Nordgren, put his name on the back of it he was not the holder or owner of the note; that the note had never been delivered or negotiated, and that he placed his name upon the note to give it credit upon which it could be negotiated and discounted." The court refused these propositions, and its ruling in that regard is the only ground of reversal urged here. *Bogue* v. *Melick*, 25 Ill. 91, *Blatchford* v. *Milliken*, 35 id. 434, and *Kayser* v. *Hall*, 85 id. 511, clearly sustain that ruling. These cases, in their facts, are each very similar to this. In *Kayser* v. *Hall*, F. W. Smith made a note payable to himself, and at the same time indorsed it in blank. His father, John G. Smith, wrote his name under the indorsement and it was then delivered to Kayser, who paid the money to F. W. Smith. The attempt was to charge the father as guarantor. In rendering the opinion of the court, the late Chief Justice SCHOLFIELD, after citing the two former cases, said (p. 513): "The note being pay-

able to the maker, it could have no validity until indorsed and transferred by him. He, when this was done, became the first indorser, and John G. Smith was the second indorser. It was said in the case last above cited, (*Blatchford* v. *Milliken, supra*): 'Inasmuch as the note can never have any validity until the name of the payee appears upon it as an indorser, the person writing his name in blank upon the note understands that, when the note takes effect, his name will appear upon it as a second indorser, and it is reasonable to conclude that such was the position which he intended to occupy. * * * All persons receiving a note thus payable and so indorsed are apprised of the apparent obligations of the indorsers, and if they rely upon any other obligation it is their duty to ascertain whether it exists.' " It was accordingly held that John G. Smith became liable upon that note as an indorser only.

But it is insisted that section 8, chapter 98, of the Revised Statutes, (Negotiable Instruments,) has changed the law as announced in the decisions referred to. That section makes notes, bonds, etc., in writing, "made payable to bearer," transferable by delivery, and then says: "Every indorser of any instrument mentioned in this section shall be held as a guarantor of payment, unless otherwise expressed in the indorsement." The contention is, that when Friberg indorsed this note in blank it was "made payable to bearer," and therefore defendant, though a mere indorser, became liable as guarantor, by force of the statute. The unsoundness of this position lies in the assumption that by the indorsement in blank the note was made payable to bearer, within the meaning of section 8. When that section was adopted such instruments had a well understood meaning. Instruments "made payable to bearer" were understood to be such as, instead of naming the payee, were, *by their terms*, payable to bearer; and it must be presumed that the legislature, in the enactment of this law, had in mind such instru-

ments, and not those which, though not expressly made payable to bearer, might afterwards become so by indorsement. All promissory notes payable to a particular person become payable to bearer when indorsed in blank, but it certainly cannot be seriously contended that this statute was intended to apply to such negotiable instruments, thereby making all such indorsers liable as guarantors.

The refusal of the proposition as to the admissibility of parol testimony was proper, on the ground that it had no application to the case. The plaintiff was allowed to show all the facts and circumstances connected with defendant's indorsement of the instrument; that when he put his name upon the back of it he was not the holder or owner; that it had not then been delivered or negotiated; that he placed his name upon it to enable Gernberg to get money upon it. The question discussed is, whether it was competent for the plaintiff to prove that the defendant indorsed the note with the intention of becoming liable as a guarantor; but no evidence of that kind was offered, nor does the foregoing proposition raise the question of the competency of such evidence. Under all the facts proved or offered to be proved by the plaintiff, the liability of the defendant, under the decisions above cited, was that of indorser, and not of guarantor. Whether the law fixes that liability to such an extent that it can not be explained or changed by parol and an intention to become liable as a guarantor shown, as is the case when the name of a payee appears upon the back of an instrument, (*Johnson* v. *Glover*, 121 Ill. 283,) is a question not raised upon this record, and in view of recent legislation is of no practical importance.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*