## M. S. Varley v. Title Guarantee and Trust Co., Assignee of Edwin G. Cheverton et al.

1.   GUARANTY—*Contract of—When Presumed.*—A person who puts his name upon the back of a promissory note, is liable as guarantor, unless a special contract for a different liability is shown.

. **Assumpsit**, on a guaranty of a promissory note. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

E. L. RINEHART, attorney for appellant, contended that the indorsement of a note in blank, by a third party, raises a presumption only, that it is intended thereby to assume the liability of a guarantor, which may be rebutted by proof that the real agreement between the parties was different. Eberhart v. Page, 89 Ill. 550, and cases cited; Stowell v. Raymond, 83 Ill. 120; Glickauf v. Kaufmann et al., 73 Ill. 378; Pahlman et al. v. Taylor, 75 Ill. 629.

It may be shown that the real contract is that the liability intended to be assumed is that of a simple indorser. De Witt Co. Natl. Bank v. Nixon et al., 25 Ill. App. 158; 125 Ill. 615, and cases cited.

Though the rule be that over an indorsement in blank upon a promissory note the holder may write a guaranty if there be nothing to limit the undertaking, yet in all cases the contract written over the signature must be consistent with the nature of the instrument and the intentions of the parties. Allen v. Coffil, 42 Ill. 293; Webster v. Cobb, 17 Ill. 459; Blatchford v. Milliken, 35 Ill. 434; Lincoln v. Hinzey, 51 Ill. 435.

A contract between maker and payee of a promissory note, for the extension of the time of payment for a definite period, founded upon a good consideration, releases the guarantor from liability thereon, if done without his knowledge or consent. Hurd v. Marple, 2 Brad. 402.

KIRK HAWES, attorney for appellee, contended that guaranty is presumed from name of third person indorsed on a note. In order to rebut the legal presumption, proof must be clear and satisfactory as to a different intention. If the maker of the note does not pay it, the indorser will, is an absolute guaranty. Stowell v. Raymond, 83 Ill. 120; Camden v. McKoy, 3 Scam. 437, and cases cited in note; Ryan et al. v. First Nat. Bank of Springfield, 148 Ill. 349;

Boynton v. Pierce et al., 79 Ill. 145; Brown v. Reasner et al., 5 Ill. App. 45; Kingsland et al. v. Koeppe et al., 137 Ill. 344; Donovan v. Griswold et al., 37 Ill. App. 616; DeWitt Co. Nat. Bank v. Nixon, 25 Ill. App. 158; 125 Ill. 615.

No legal proceedings against the maker of a note are necessary to fix the liability of a guarantor, nor is it necessary to show the insolvency of the maker, or to prove demand or notice of non-payment, or to use diligence against the maker. Stowell v. Raymond, 83 Ill. 120, and cases cited.

It is the settled doctrine in Illinois that an indorsement by third party in blank confers authority upon payee of note to write above it a guaranty, if that was the nature of the agreement and the intention of the parties. Stowell v. Raymond, 83 Ill. 120; Camden v. McKoy, 3 Scam. 437; Cushman v. Dement, Ib. 497; Boynton v. Pierce et al., 79 Ill. 145; Brown v. Reasner et al., 5 Ill. App. 45.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The judgment appealed from is against the appellant as guarantor of a promissory note payable to a banking firm, upon the back of which he wrote his name at the time when it was made.

To do full justice to his position on this appeal we copy from his abstract all the testimony (being his own only) on the subject of his having assumed the burden as a guarantor.

"The writing above my signature, on the back of this note in question, was not there when I indorsed the note. At the time I indorsed the note Mr. Martin conducted the business on the part of the bank. Mr. Wakely introduced me to Mr. Martin. Mr. Martin said, 'How long do you want to indorse this note for, Mr. Varley?' I said, 'Sixty days.' Mr. Martin then says to me, 'We only hold you responsible for sixty days.' He (referring to Martin) then said, " If we can not get the money out of Mr. Wakely we will then proceed against you.' That was the understanding. Then I up and indorsed the note. He (Martin) said,

'indorsement;' he did not say guarantee. He said simply, 'indorse the note.' He gave me to distinctly understand I was only held for sixty days. He (Martin) said if he could not get the money out of Wakely he would then proceed against me." Martin was one of the firm which was payee of the note.

If the appellant incurred any liability to the payee, it must have been as guarantor. In the character of indorser he could only have been subsequent to the payee, and therefore in no way liable to it. Bogue v. Melick, 25 Ill. 91; Blatchford v. Milliken, 35 Ill. 434.

It is wholly conjectural what the appellant and Martin meant if they had a conversation in the very words as quoted, and therefore, as the proof does not show any contract by parol, the contract implied by law is to govern.

The case much resembles Klein v. Currier, 14 Ill. 237, and the judgment is affirmed.

SHEPARD, J., takes no part in this case.