THOMAS L. HARNETT, TRUSTEE, v. GEORGE W. HOLDREGE
ET AL.

FILED APRIL 19, 1905.   No. 13,122.

1. **Promissory Notes**: INDORSERS.  Persons who write their names in
blank on the back of a promissory note payable to the order of
the maker, which is indorsed by such maker and afterwards
delivered to a third person, in the absence of any special agree-
ment to the contrary, become liable thereon as indorsers and not
as joint makers, and their liability cannot be varied by parol
evidence.

2. **Parol evidence** of a custom or course of dealing previously pur-
sued by the maker with regard to other notes of a like character
is not admissible for the purpose of showing, inferentially, that
the indorsers were joint makers, and thus change and enlarge
their liability.

3. Former opinion herein, 5 Neb. (Unof.) 114, adhered to.

ERROR to the district court for Douglas county: LEE S.
ESTELLE, JUDGE.   *Judgment of affirmance adhered to.*

*James H. McIntosh, John J. Sullivan* and *Francis A.
Brogan,* for plaintiff in error.

*J. E. Kelby, R. D. Brown, J. W. Deweese* and *F. I. Foss,*
contra.

BARNES, J.

When this case was before us the first time it was heard
by Department No. 2 of the Commission, and an opinion
was written, and approved by the court, affirming the judg-
ment below.   5 Neb. (Unof.) 114.   A rehearing was al-
lowed and a reargument had before the court.   On such
rehearing some fault was found with the statement of facts
contained in our former opinion.   However, the principal
criticism was that the indorsement, "For value received
we hereby guarantee the payment of the within note, and
waive presentment for payment, demand and notice of

protest," was stamped twice on the $2,000 note in suit, and only once on the one for $5,000; yet such indorsement appeared twice on the copy of the $5,000 note which is set out in the opinion. While the point appears to be well taken, a reexamination of the notes shows us that the indorsement appears on both notes under the name of the maker, the payee, and above the signatures of the defendants F. I. Foss, G. W. Holdrege and J. W. Deweese, who are the only ones sought to be held liable in this action. It would therefore seem that the variance is not only immaterial, but is extremely trifling. This explanation, taken with the full and complete statement contained in our former opinion, to which reference is hereby made, renders any further statement unnecessary for a proper understanding of the present decision.

Counsel for the plaintiff in error vigorously assail that part of our former opinion which holds that the defendants above named were liable only as indorsers of the notes in question, for the reason that the liability incurred by them is the pivotal question in this action. It is conceded that if they are to be treated as indorsers, then our former opinion should be adhered to, and the judgment of the district court must be affirmed. Plaintiff insists, however, that they are not indorsers, but are joint makers of the notes, and should be held liable as such. To sustain this contention counsel point to the statement contained in the amended petition, "that the defendants borrowed the money (sought to be recovered herein) from the plaintiff's intestate on said notes." No other facts are alleged in the amended petition from which such a liability can be inferred, and it may be stated in passing that the evidence not only fails to sustain the allegation, but it would seem that the corporation, the maker of the notes, borrowed the money and received the proceeds of the transaction. In fact it is alleged in the original and amended petitions that the South Fork Irrigation & Improvement Company made the notes, and the defendants Foss, Holdrege and Deweese wrote their names on the back of those instruments; and

both petitions charge them with the liability of indorsers in clear and explicit terms, even to the proper allegation of demand, protest and notice of protest. So we will again consider the question as to what was the liability assumed by the defendants, by writing their names on the back of these notes. It must be remembered that they were made by the South Fork Irrigation & Improvement Company (a corporation), payable two years after date to its own order, and indorsed as follows: "The South Fork Irrigation & Improvement Co., By G. W. Holdrege, *Pt.,* By A. L. Emerson, *Sec'y & Tr.*" Then followed: "For value received, we hereby guarantee the payment of the within note and waive presentment for payment, demand and notice of protest. F. I. Foss, G. W. Holdrege, C. H. Peck, W. L. Matson, A. L. Emerson, J. W. Deweese."

It is claimed by the defendants that the waiver above quoted was not on the notes when they indorsed them, and that such waiver was placed there after they signed their names thereon, without their knowledge or consent; that the notes and their liability thereon were thus materially altered and changed, and were not the contracts signed or indorsed by them. After an examination of the evidence we are unable to say that it is insufficient to support this claim. No evidence was offered by the plaintiff tending to prove his allegations of demand, protest and notice of protest, and as we are required to hold that no waiver was established, the case must turn on the nature of the liability of the defendants under the facts above stated. It is perhaps well to state that while the South Fork Irrigation & Improvement Company, Fayette I. Foss, W. L. Matson, George W. Holdrege, A. L. Emerson, C. H. Peck and Joel W. Deweese, were all alleged against in the petition, yet the case proceeded against the defendants Foss, Holdrege and Deweese alone. One of the earliest cases in which the question of the liability of one who signs his name on the back of a promissory note, made payable to the order of the maker, indorsed by him and delivered to a third person, arose, was *Lake v.*

*Stetson,* decided by the supreme judicial court of Massachusetts (13 Gray (Mass.), 310, note).   In that case it appeared that one Stetson made a note payable to his own order, on which one Bates had written his name, after which Stetson indorsed it and delivered it to the plaintiff Blake.   The trial court rejected the evidence offered by the plaintiff that the note was given by the defendants Stetson and Bates as a part of the consideration of a joint purchase by them, and that the note and all of the signatures thereon were made at one interview, and before the delivery of the note, in order to charge both defendants as joint makers.   A verdict was given for the defendant Bates, and the plaintiff prosecuted his exceptions, which were overruled by the supreme court.

The question next came before that learned court in the case of *Bigelow v. Colton,* 13 Gray (Mass.), 309.   The following is a copy of the note sued on:

"GREAT BARRINGTON, July 18, 1857.

"Two months after date I promise to pay to the order of myself, two hundred and fifty dollars at the Mahaiwe Bank, for value received.          EDWIN HURLBUT."

Upon the back of the note was the signature of Hurlbut, and under it that of Colton.   At the trial it appeared that both names were signed before the delivery of the note to the plaintiff, the signature of Hurlbut being made first.   At the trial the judge ruled that the defendant could not be held as a maker, and directed a verdict for him, which was returned, and the plaintiff alleged exceptions.   The supreme court affirmed the judgment, and held that one who puts his name, before delivery, on the back of a promissory note, payable to the maker or order, and indorsed by the maker, is an indorser and not a joint maker, and his liability cannot be varied by parol evidence.   We quote from the opinion as follows:

"A promissory note payable to the order of the maker, and by him indorsed, is in legal effect a note payable to bearer.   By placing his name on the back of the note, the

maker agrees to pay it to whomsoever may be the holder
thereof. Story, Notes, secs. 16, 36a. Although a note
payable to bearer is transferable by delivery, it may also
be transferred by the indorsement of any holder. In
such case, the indorser incurs the same obligations and
liabilities as an indorser of a note payable to order, and
is entitled to demand and notice. Story, Notes, sec. 132."

In *Clapp v. Rice*, 13 Gray (Mass.), 403, *Lake v. Stetson*
and *Bigelow v. Colton, supra,* were followed, and it was
held that parties who indorse their names on a promis-
sory note before its delivery, for the benefit of the maker,
are not liable as joint makers, if the payee afterwards
indorses his name above theirs before the note is de-
livered, and other parol evidence is inadmissible to show
that they were joint makers. We append the following
quotation from the body of the opinion in that case:

"When this note was first passed to any holder for
value, so as to make it a valid contract, it was indorsed
by W. T. Davis, treasurer, to whose order it was payable.
It was therefore never a contract by which the plaintiffs
were holden to Davis or to the railroad company. Their
names were put upon it, with the obvious understanding
and expectation that it would be indorsed by Davis before
it should be negotiated. By his indorsement above their
names, it was made, in form and effect, an indorsed note,
with successive indorsements following. The bank took
it in this form, complete and effectual, when it first had
any validity; and it has been settled in the recent case
of *Prescott Bank v. Caverly*, 7 Gray (Mass.), 217, that
under such circumstances it is not competent for the
person whose name appears upon the note as an indorser,
to show, by parol evidence, that his contract was different
from that which such a signature ordinarily imports."

About the same time the question was before the su-
preme court of Maine, where the same rule was an-
nounced. *Smalley v. Wight,* 44 Me. 442. The question
was again before the supreme court of Massachusetts in
*Dubois v. Mason,* 127 Mass. 37. The court followed the

cases above cited, and held: By the law of this common-wealth, one who puts his name on the back of a promis-sory note, payable to the maker or order, before it is ne-gotiated, and before it is indorsed by the maker, is an indorser, and not a joint maker if, when negotiated, the maker's name appears first on the back of the note. We quote from the opinion:

"The liability of a party whose name appears on the back of a negotiable note is determined by the position of his signature with reference to other parties, at the time when the note first takes effect by delivery. When a note is payable to the maker's own order it can take effect only when indorsed and delivered by him. The fact that the defendant put his name on the back of the note before it was indorsed by Shurtleff does not make him a joint promissor, because he then knew that it must be indorsed by the maker before it could be negotiated, and the implication is that he intended to be liable only as indorser."

The question came before the supreme court of Illinois in *Bogue v. Melick,* 25 Ill. 91, where it was held that a promissory note, payable to one of the makers, while in the hands of the payee, is a nullity, and can never become operative except by indorsement of the payee, and that the position of the names of the parties on the back of the note will be notice to any one purchasing the same of the extent of their rights and liabilities. It was further held that one who writes his name on the back of such a note incurs the liability of a second indorser.

In *Blatchford v. Milliken,* 35 Ill. 434, we find the fol-lowing:

"It is the settled law of this state, that a person who is not a party to a promissory note which is to become a valid obligation against the maker upon its delivery to the payee, by writing his name in blank upon the back of the note, is presumed to assent to the obligation of a guarantor. But where the note creates no valid obliga-tion against the maker, and can create none, until it is

indorsed and transferred by the payee, the presumption is that a person writing his name in blank upon the back of the note assumes the obligation of an indorser. Inasmuch as the note can never have any validity until the name of the payee appears upon it as an indorser, the person writing his name in blank upon the note understands that, when the note takes effect, his name will appear upon it as a second indorser, and it is reasonable to conclude that such was the position which he intended to occupy. All persons receiving a note thus payable and so indorsed are apprised of the apparent obligations of the indorsers, and if they rely upon any other obligation, it is their duty to ascertain whether it exists. Any other obligation is *dehors* the instrument. An authority to fill out an undertaking over a signature is to be exercised consistently with the nature of the instrument and the intention of the parties. From the nature of a note payable to the maker's own order, it is known what the law will presume was the intention of the parties in indorsing it in blank; and if any agreement is written over the signature inconsistent with such presumption, it is the duty of the persons receiving the note to ascertain how and by what authority, it was written there."

In *Kayser v. Hall*, 85 Ill. 511, it was held:

"Where a promissory note, made payable to the maker, is indorsed by him, and another person indorses his name just below the first, and the note is then negotiated, the person last indorsing will assume the liability of second indorser, and not that of guarantor. A promissory note payable to the order of the maker has no validity until it is indorsed and transferred by him."

In *Heidenheimer Bros. v. Blumenkron*, 56 Tex. 308, it appeared that a promissory note was made by Blumenkron, payable to the order of himself, and indorsed by one Hirsch and others, and it was held that on the face of the note, as indorsed and delivered, Blumenkron was the maker and Hirsch and the other were indorsers. It was said:

"The fact that Hirsch became a party to the note in its inception and for the accommodation of Blumenkron did not make him liable otherwise than as an indorser; nor is parol evidence admissible to show the intention with which he signed."

The question was again before the supreme court of Texas in *Williams v. Merchants Nat. Bank*, 67 Tex. 606. It appears that Williams made a promissory note for $12,500, payable to the order of himself, at the office of the Gainesville National Bank, with interest from maturity until paid, at the rate of 12 per cent. per annum. The note was signed by Williams, indorsed by him, and delivered to the Gainesville National Bank, after it had been indorsed by one Washington. In a suit in which it was sought to hold all the parties as joint makers, it was held:

"Their names appearing after the payee, it must be presumed that the indorsers signed after the payee had indorsed, and parol evidence cannot be admitted to vary the plain terms of such a contract."

In our former opinion, the case of *First Nat. Bank v. Payne*, 111 Mo. 291, 20 S. W. 41, 33 Am. St. Rep. 520, was made the leading case for comment, and that decision has been vigorously assailed by the plaintiff. A reexamination of the opinion in that case impresses us with the learning and ability of the supreme court of that state. The decision is in line with the other decisions of that court on the same question, and follows the early Massachusetts cases, and others from which we have so liberally quoted. This rule has also been recognized in *Little v. Rogers*, 1 Met. (Mass.) 108, and in *Claflin Co. v. Feibelman & Co.*, 44 La. Ann. 518, and seems to be the rule adopted by the English courts. *Hooper v. Williams*, 2 Exch. Rep. 13. Indeed, this rule is so well established that it is stated without qualification in Daniels, Negotiable Instruments, secs. 130, 707a; in Tiedeman, Commercial Paper, sec. 20, and in 2 Parsons, Notes and Bills (2d ed.), 122. It is approved in *Burton v. Hans-*

*ford,* 10 W. Va. 470, 486, and by the supreme court of the
United States in *Rey v. Simpson,* 22 How. (U. S.) 341,
350.

Plaintiff has failed to call our attention to a single case
in which any court has held that one who signs his name
in blank on the back of a promissory note, made payable
to the order of the maker, and which is afterwards in-
dorsed by the payee and delivered to a third person, is
liable as a joint maker. And after the most thorough
research we have been unable to find but one such case,
to wit, *Ewan v. Brooks-Waterfield Co.,* 55 Ohio St. 596,
35 L. R. A. 786, which seems to support plaintiff's conten-
tion. As opposed to the authorities above cited and
quoted from, plaintiff cites *Salisbury v. First Nat. Bank,*
37 Neb. 872, and insi... that that case, with a long line
of decisions from other states, together with *Good v. Mar-
tin,* 95 U. S. 90, hold a contrary doctrine. An examina-
tion of *Salisbury v. First Nat. Bank* discloses that the note
there sued on was as follows:

"$2,500.          OMAHA, Neb., Feb. 15, 1889.

Ninety days after date, we, or either of us, promise to
pay to the bank of Omaha, or order, Twenty-five hundred
and no-100 dollars, for value received, payable at the
Bank of Omaha, Omaha, Neb. with interest at the rate of
10 per cent. per annum from maturity until paid.

"C. H. SLOMAN."

Across the back of this note was written the names of
J. G. Salisbury and S. A. Sloman, and before maturity it
was indorsed and transferred by the bank of Omaha to
the bank of Cambridge. In a suit against the maker and
the indorsers it was held that they were liable as joint
makers. It is only necessary to compare the notes in
question in this case with the one just quoted to show that
*Salisbury v. First Nat. Bank, supra,* is not authority in
this case. A careful examination of *Good v. Martin,
supra,* and the whole list of twenty odd cases cited by
counsel, shows that the notes in question therein were

made payable to third persons, indorsed in blank, and afterwards indorsed and negotiated by such third persons; and in none of the cases, so far as we have been able to ascertain, was the note in suit made payable to the order of the maker himself.

So we conclude, not alone from the weight of authority, but from all of the authorities on the question in this country, that the defendants Foss, Holdredge and Deweese must be held to have assumed the liability of indorsers only, and that under the issues in this case, and according to the principles above discussed, parol evidence cannot be received to charge them with any other, or an enlarged liability. It follows, then, that the district court did not err in excluding the evidence by which it was sought to show, inferentially, by a custom or course of business on the part of the maker in regard to other transactions that the defendants were not indorsers but were joint makers of the notes.

A reexamination of the pleadings convinces us that our former holding as to their legal effect, and the issues raised thereby, is correct; and we decline to give that matter any further consideration.

It is again urged that, in any event, judgment should have been rendered against the defendant Holdrege. And this contention is based on the fact that he was not present at the trial in person, and did not testify in his own behalf. This point does not merit our serious consideration. It is sufficient to say that the evidence of his co-defendants made at least a *prima facie* defense for him, which was not assailed or overthrown by the plaintiff.

For the foregoing reasons, our former opinion is adhered to, and the judgment of the district court is

AFFIRMED.